# Commonwealth v. McCarthy.

*Criminal law—Costs—Imposition of costs on prosecutor—Relief
—Discretion of court.*

Where a railroad company is the real prosecutor in a criminal
case and the jury, in acquitting the defendant, imposes the costs
on the company, the court is not bound to set aside the verdict
as to costs because the prosecution was instituted in good faith
and founded upon probable cause.

Whether the verdict should or should not be set aside is a mat-
ter of discretion and not merely the performance of a ministerial
duty.

Argued March 6, 1917.   Appeal, No. 43; March T.,
1917, by Erie Railroad Company, from order of Q. S.
Susquehanna Co., Jan. T., 1914, No. 11, discharging

rule to set aside verdict as to costs in case of Common-wealth v. Frank P. McCarthy. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Rule to set aside verdict as to costs.

From the record it appeared that on January 13, 1914, Frank McCarthy was indicted. The indictment contained two counts; the first count charged conspiracy; the second count charged forgery. The prosecutor, C. R. Smith, is an employee of the Erie Railroad Company and the money obtained by the defendant as charged in the indictment was the property of the Erie Railroad Company. The case was called for trial on April 14, 1914, and the jury on the same day returned a verdict of not guilty, and placed the costs upon the Erie Railroad Company, named as prosecutor. On March 9, 1915, the present rule was granted. The railroad company claimed that it was entitled to relief because it acted in good faith, upon probable cause, without malice, and under the advice of the district attorney. The court discharged the rule.

*Error assigned* was order discharging the rule.

*Wm. A. Skinner,* for appellant.—Where the prosecution is not trifling, but one of grave character; where it is not unfounded but founded upon probable cause; where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs. In short this is the duty of the court in all cases where there is nothing in the testimony to show that the prosecutor behaved improperly: Guffy v. Com., 2 Grant (Pa.) 65; Com. v. Shaffer, 52 Pa. Superior Ct. 230.

Verdicts imposing costs have been set aside when private persons have been found to be prosecutors: Com.

v. Yeager, 3 D. R. 237; Com. v. Bain, 1 Pa. C. C. R. 25; Com. v. Meier, 1 Pa. C. C. R. 33. .

Wm. A. Titsworth, with him T. A. Doherty, cited: Com. v. Anderson, 17 Pa. C. C. R. 89; Com. v. Kocher, 23 Pa. Superior Ct. 65; Com. v. Shaffer, 52 Pa. Superior Ct. 230.

OPINION BY WILLIAMS, J., July 13, 1917:

Frank P. McCarthy was indicted for conspiring to defraud and for forgery resulting in the' Erie Railroad Co. losing some $300. The charge was made by its track supervisor and the Commonwealth was assisted in the prosecution by its counsel. April 14, 1914, McCarthy was acquitted and the costs imposed upon the appellant. In the spring of 1915 an attempt was made to collect these costs and appellant petitioned the court below to set aside the verdict. The court refused for the following reason. "But it is contended, that the company should be relieved for the reason that the prosecution was instituted in good faith, was not trifling, but of great character, and founded upon probable cause. This may be conceded, and even then the court is not required to grant relief, if the exigencies do not appeal to the court as sufficient to naturally draw such action. In all instances where costs have been placed upon public officials by verdicts of juries, it has been the invariable rule in this court to grant such official relief. In other cases the exercise of this discretion has been refused except under conditions which manifestly makes such action necessary. There is nothing in this case to remove it from the ordinary class of cases, and it is the duty of courts to sustain the findings of juries whenever possible."

Did the court below abuse the discretion placed in it in holding that under the facts it was "not required to grant relief," in refusing to set aside the verdict, and in sentencing the appellant to pay the costs?

In Com. v. Doyle, 16 Pa. Superior Ct. 171, the lower

court refused a rule to show cause because of the laches of the prosecutor. This court reversed because it did not consider the reason advanced sufficient to justify the court below in refusing the rule. In Com. v. Kocher, 23 Pa. Superior Ct. 65, the prosecutor, upon whom costs were imposed, was presumably actuated by some other reason than the welfare of the community and this court refused to review the discretion of the court below in refusing to set the verdict aside. In Com. v. Gaines, 42 Pa. Superior Ct. 550, the doctrine was again affirmed that the power of setting aside a verdict for costs imposed upon the prosecutor rested in the discretion of the trial court. In Com. v. Shaffer, 52 Pa. Superior Ct. 230, the court below, under a mistaken idea of the law refused to set aside a verdict imposing costs upon a health officer. We held that an order made in a mistaken notion of the law was an abuse of discretion and reversed, that the court below might correct the mistake. RICE, P. J., said (238) : "We do not say that the order must be granted; what we decide is, that the facts above alluded to would have warranted the court in making it, and that, in the absence of any other reason than that suggested in the opinion, such action would have been a proper exercise of the judicial discretion committed to the court."

There was no error in permitting the jury to look beyond the nominal prosecutor and impose costs upon the real prosecutor: Com. v. Kocher, supra. As appellant had notice of the proceeding, was the real prosecutor, was not a public officer enjoined by his duty to the public to prosecute, and a conviction was not prevented by the death of a material witness, the reasons which should move a trial court to grant relief: Guffy v. Com., 2 Grant (*66) 65, we are not disposed to hold that the trial court must set aside a verdict even though the prosecution was instituted in good faith and founded upon probable cause. Whether the verdict should or should not be set aside is a matter of discretion and not merely the performance of a ministerial duty. The dis-

tinction between the two is clear. No abuse of dis-
cretion appears.

The judgment is affirmed.

ORLADY, P. J., and KEPHART and TREXLER, JJ., dis-
sent.