## Commonwealth v. Taormina

*Leonard A. Talone*, for petitioner.

*Arthur W. Bean*, assistant district attorney, and *George Wanger*, contra.

DANNEHOWER, J., March 11, 1935.—The defendant was charged on two separate bills of indictment, each containing two counts, with (1) failure to stop at scene of motor vehicle accident, and (2) failure to render assistance. The first bill referred to a collision with the automobile of William H. Rabin on September 9, 1934, and the second, with the automobile of Gilbert W. Hawkins on September 9, 1934. William H. Rabin swore out the only information on September 14, 1934, and his name appeared as prosecutor on both bills of indictment.

At the trial, there was no evidence that the defendant failed to stop or to render assistance, but on the contrary it appeared, from the testimony offered by the Commonwealth and the defendant, that defendant's car went 150 feet after colliding with the automobiles of William H. Rabin and Gilbert W. Hawkins, and defendant immediately returned to the two cars struck, asked whether anyone was injured, and offered to have both cars towed to his brother's nearby garage. Under the evidence the jury was directed to render verdicts of not guilty on both counts of each indictment and the case was sub-

mitted to the jury only upon the question of costs. The jury, in its verdict, placed the costs upon the prosecutor, William H. Rabin. He presented a petition for the remission of costs, upon which a rule was granted upon the county commissioners and controller. The controller filed an answer, opposing the remission of costs. Depositions were taken and the case was argued before the court.

Petitioner contends that he instituted the criminal proceedings in good faith, for the welfare of the community, without malice or any improper motive, not for the purpose of collecting the costs of repairs to his automobile, and that he is without funds to pay these costs. Counsel for the controller argues that the verdict of the jury should not be disturbed, that the costs should not be remitted and placed upon the county; that three hearings were held by the magistrate before the case was returned to court, and the prosecutor was endeavoring to collect damages by the criminal action.

The Act of March 31, 1860, P. L. 427, sec. 62, provides that:

". . . in all cases of acquittals by the petit jury on indictments for the offences aforesaid, [misdemeanors] the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions".

A failure to convict from want of evidence will not take from the jury the control of costs in cases within the discretion given them by the above statute: Commonwealth v. Kocher, 23 Pa. Superior Ct. 65.

That courts have power to supervise the action of a jury in imposing costs is well settled: Commonwealth v. Kocher, supra; Commonwealth v. Chartiers Ry. Co., 28 Pa. Superior Ct. 173.

Whether the verdict should or should not be set aside is a matter of discretion and not merely the performance of a ministerial duty and the court is not bound to

set aside the verdict as to costs because the prosecution was instituted in good faith and founded upon probable cause: Commonwealth v. McCarthy, 67 Pa. Superior Ct. 135.

This prosecution was not advised by the district attorney's office, nor was it instituted by a police officer or constable. It certainly was not founded upon probable cause and we are not convinced that it was actuated by entirely proper motives, because when defendant refused to have the prosecutor's automobile repaired, the criminal action was instituted and defendant went to the magistrate's office three times before the case was returned to court. When private prosecutors bring into our criminal courts cases that are not of grave public character, it should not be an easy matter for them to be relieved from the payment of costs, after the jury which heard the case disposed of the costs by placing them upon such prosecutor. We see no reason for remitting the costs.

And now, March 11, 1935, the rule to show cause why prosecutor should not be relieved from the payment of costs is discharged, and the petitioner is directed to appear before the court for sentence on Friday, March 29, 1935, at 10 o'clock a.m., courtroom "C".

From Aaron S. Swartz, Jr., Norristown.