## Commonwealth, Appellant, *v.* Charters.

*Criminal law—Imposition of costs on prosecutor—Appeal.*

The statutes authorizing the jury in cases of acquittal to determine by their verdict whether the prosecutor, the county, or the defendant shall pay the costs, do not take away the common-law supervisory power of the courts which belongs to trial by jury; hence the court has power to set aside that part of a verdict of acquittal which imposes the costs on the prosecutor; and the same rule applies to the finding of a grand jury imposing costs on the prosecutor.

The Superior Court has no power to review an order of the court of quarter sessions refusing a resubmission of an indictment to the grand jury and refusing to set aside the return of the grand jury in so far as it imposed costs on the prosecutor, where there are no facts disclosed by the record to impeach the finding of the grand jury that the person named by them was the prosecutor, or to show affirmatively that they transcended the power vested in them by the criminal procedure act in imposing the costs upon him, or to rebut the presumption that the court did its duty, and properly exercised the discretion vested in it.

Argued April 17, 1902. Appeal, No. 96, April T., 1902, by plaintiff, from order of Q. S. Allegheny Co., Sept. T., 1901, No. 641, refusing to remand an indictment to the grand jury in case of Commonwealth, James Terry, Special Agent of the Dairy & Food Commissioner, *v.* S. B. Charters. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Indictment for illegally selling oleomargarine.

Petition by James Terry to have an indictment remanded to grand jury.

The petition was as follows:

That he is the agent of the dairy and food commissioner of the commonwealth of Pennsylvania, employed in such capacity for a number of years, and engaged in the performance of his duties as such public officer during the year 1900, and is so engaged at this time.

That among other responsibilities devolving upon him as such officer it is his duty to ascertain information and prosecute on behalf of the commonwealth all cases involving the viola-

tion of an act of the general assembly entitled, " An act providing for the regulation and sale of oleomargarine, etc., approved May 5, 1899."

That on September 1, 1900, one S. B. Charters had in his possession, with intent to sell, offered for sale and sold at his place of business in the city of Pittsburg, county of Allegheny and state of Pennsylvania, a certain quantity of a substance commonly known as oleomargarine; that said substance upon being purchased by George H. Wilcox, one of the agents of the dairy and food commissioner aforesaid, was placed in the hands of F. T. Aschmann, a chemist, and by him analyzed and found to be oleomargarine, colored in imitation of yellow butter; that the said sale so made as aforesaid was in violation of the act of assembly above mentioned; that in prosecution of said violation of law aforesaid, an indictment was presented to the grand jury of Allegheny county based upon an information made in this behalf by your petitioner, and upon hearing had upon such indictment by and in the presence of the grand jury of Allegheny county on September 20, 1901, the following named witnesses were called, sworn and examined, to wit: James Terry, informant, George H. Wilcox, who purchased said oleomargarine from defendant, and Prof. F. T. Aschmann, the chemist, by whom the same was analyzed; that said witnesses specifically stated in the presence of said grand jury, as your petitioner is informed and believes, the acts upon which the information in this case was based and for which an indictment was asked; the substance of the testimony of the witnesses aforesaid being more particularly set out in affidavits hereto attached and made part hereof; that notwithstanding the specific nature of the allegations and the testimony produced in support of the same, upon which your petitioner believes it was the duty of the grand jury to return to this court a true bill, yet the grand jury aforesaid, wholly disregarding its duty in the premises and ignoring the law governing such cases, ignored said bill of indictment, and has made a return of its action to your honorable court.

Your petitioner further sets forth that as a further and stronger evidence of the said grand jury's wilful disregard of the law in this case and its duty in the premises, it imposed upon your petitioner, the prosecutor, a public officer, the burden

of defraying all costs and expenses accrued in said legal proceedings.

That your petitioner in instituting these proceedings and in all his subsequent conduct regarding the prosecution of the same, acted conscientiously in the performance of his duty as a public officer, under the direction of the dairy and food commissioner of the commonwealth to whose department of the state government is specially delegated the prosecution of cases involving violation of the aforesaid act of assembly.

Your petitioner further sets forth that in line with the policy of the grand jury disclosed in the above case, substantially similar evidence being submitted to it in about 390 other cases upon the same date, the said grand jury ignored the testimony of the witnesses, and failed to find and return to this court true bills according to law, and furthermore unlawfully and unjustly placed upon the prosecutor, your petitioner, the burden of paying the costs in said proceedings.

That in addition to the offense of selling a substance colored in violation of law as aforesaid, in many of the above cases the defendant was charged with selling oleomargarine without first having had or obtained a license as is required by the acts of assembly ; and others still with having sold the same and not delivering it to the purchaser in wrappers plainly stamped on the outside thereof with the word " oleomargarine " or " butterine," as is required by law.

Wherefore your petitioner prays that an order may be made by this honorable court directing that the indictments above referred to be resubmitted to the grand jury aforesaid, which is now in session, and that your honorable court, if it be deemed meet and proper in the premises, instruct the said grand jury regarding its duty in the premises in order that proper returns may be made and justice be done in this matter ; and such other and further relief as the court may deem proper in view of the facts set forth in this petition.

Accompanying the petition were several affidavits, in support of its averments.   Subsequently Jesse K. Cope, dairy and food commissioner of Pennsylvania, filed a similar petition praying the court to set aside the finding of the grand jury as to costs.   Both petitions were refused by the court.

*Errors assigned* were the orders of the court.

*L. Carlisle Moore,* and *S. J. M. McCarrell,* for appellant.—A jury cannot impose the penalty of costs upon a public officer for a faithful performance of official duties : Guffy v. Com., 2 Grant, 66; Com. v. Ream, 1 Pa. C. C. Rep. 33; Com. v. Grim, 1 Pa. C. C. Rep. 40; Com. v. Bain, 1 Pa. C. C. Rep. 25 ; Com. v. Jackson, 1 Pa. C. C. Rep. 38.

*Simon R. Huss,* for appellee.—It is an open question whether the court below had the power to resubmit this indictment to the grand jury after their return of " ignoramus." Did not such return dispose of the indictment finally, discharge the defendant and relieve the surety eo instanti? While we cannot find any case directly ruling this question, we find it suggested in Com. v. Allen, 14 Pa. C. C. Rep. 546, and State v. Branch, 68 N. C. 186.

While courts have in many instances, where great injustice would otherwise result, set aside the costs imposed on a prosecutor by a grand jury, yet their power so to do, without any statutory authority, whatever, has always been questioned. The courts exercising this power point to Com. v. Guffy, 2 Grant, 69, and Com. v. Huddell, 1 Pa. Dist. Rep. 132.

OPINION BY RICE, P. J., July 10, 1902 :

The case of Guffy v. Commonwealth, 2 Grant, 66, came before the Supreme Court on writ of error to the court of quarter sessions, and brought up for review an order setting aside the verdict of a jury on an indictment charging a misdemeanor, so far as the imposition of the costs upon the prosecutor was concerned. The order was affirmed by a bare majority; but the decision has not been questioned in any later Supreme Court case, and it has been generally followed by the lower courts. See 4 P. & L. Dig. of Dec. col. 6092, and the cases there cited. The point actually decided was, that the statutes authorizing the jury in cases of acquittal, to determine by their verdict, whether the prosecutor, the county, or the defendant shall pay the costs, do not take away the common-law supervisory power of the courts which belongs to trial by jury; hence the court has power to set aside that part of a verdict of ac-

quittal which imposes the costs on the prosecutor. The question of the power to set aside the finding of a grand jury imposing the costs on the prosecutor was not before the court and was not decided, but the reasoning of the decision applies equally well to one case as to the other; and so it has been generally held. But in the same case LEWIS, J., who spoke for the majority of the court, said: " The court had a discretionary power over the subject, and it is clear that matters within the discretion of the court below are not the subject of review here." In Commonwealth v. Doyle, 16 Pa. Superior Ct. 171, we held that the court had power to set aside a verdict imposing the costs upon a person not named on the indictment as prosecutor, and reversed the quarter sessions because it appeared in the order refusing his application to be relieved from the costs, that the court assumed that, as the application was not made until several terms had elapsed after the rendition of the verdict, it had not power to grant him relief. There was enough in the record proper to show affirmatively that the court, acting upon an erroneous assumption as to its power, had not exercised the discretion vested in it. Accordingly we sent the case back for a hearing, our Brother ORLADY, who delivered the opinion of the court, saying: " After a hearing the court below has discretionary power over the subject and its decision is not reviewable here." The power being discretionary, the finality of the decision does not depend upon its absolute correctness.

It is urged with great earnestness that this case is not within the rule above stated for two reasons: first, because the grand jury had not a power under the criminal procedure act to impose costs upon James Terry, and, therefore, the sentence was illegal; second, because, under the special circumstances of the case, the refusal to set aside that part of the return was an abuse of discretion. Assuming that in either case we would have authority to reverse the action of the court below, it is too well settled to require the citation of authority that in determining the question we cannot go outside the record. The affidavits filed when the motion was made did not bring the fact therein alleged upon the record. Leaving them out of view, as we must, all that the record shows is, that the information upon which the warrant issued was made by James Terry,

who was described therein as " a special agent of the department of agriculture of the commonwealth of Pennsylvania, that the indictment was returned, " Ignoramus, prosecutor James Terry to pay costs ; " that on October 1, 1901, he petitioned the court to resubmit the indictment to the grand jury, and that the court (we quote from the petition), " if it be deemed meet and proper in the premises, instruct the said grand jury regarding its duty in the premises in order that proper returns may be made and justice be done in this matter ; and such other and further relief as the court may deem proper in view of the facts set forth in this petition ; " and that on October 28, 1901, the court refused the petition. Whatever may be the nature of the power over costs vested in the court of quarter sessions, it is clear that no one can invoke its exercise but the person upon whom the costs have been imposed by the finding of the grand jury or the verdict of the petit jury, unless, possibly, it be the district attorney ; and as to that we are not called upon to express an opinion. Hence, it is unnecessary to allude to the subsequent petition filed by Mr. Cope. Turning then to the petition of the appellant it will be observed that his specific prayer was for a resubmission of the indictment to the grand jury. Further, it does not appear in the record that the district attorney joined in the application. It is too plain for argument that the refusal of this specific prayer is not assignable for error, even if it be conceded, that the court has discretionary power to make such order in rare and exceptional cases.

Treating the concluding prayer of the petition as including a motion to set aside the return of the grand jury as to costs, the difficulty remains, that there is absolutely nothing in the record proper to impeach their finding that James Terry was the prosecutor, or to show affirmatively that they transcended the power vested in them by the criminal procedure act in imposing the costs upon him, or to rebut the presumption that the court did its duty and properly exercised the discretion vested in it. It may be that the action of the grand jury was grossly erroneous, but that it was absolutely illegal cannot be affirmed without going outside the record. The same is true of the contention that the refusal to set aside their finding was an abuse of discretion. We therefore shall not enter into a

discussion of the question which would be raised, if the facts alleged in the affidavits filed by the appellant were upon the record.

Finding no error in the record proper, all the assignments of error are overruled and the judgment is affirmed.