# Commonwealth *v.* Kintz, Appellant.

*Practice—Superior Court—Appeals—Assignments of error—Exceptions—Failure to take.*

If, upon appeal, examination of the original record shows that certain assignments of error relating to the charge of the court and the admission of evidence are not supported by exceptions, such assignments will be dismissed.

*Criminal law and procedure—New trial—Refusal—Abuse of discretion—Indictment — Withdrawal — Second indictment to same grand jury.*

An assignment of error, relating to refusal to grant a new trial upon an indictment charging forcible entry and detainer, will not be sustained unless an abuse of judicial discretion appears.

The fact that the court permitted the district attorney to withdraw an indictment, after a motion to quash, and then allowed him to present a second bill, to the same grand jury, upon which the defendant was subsequently tried, does not show an abuse of judicial discretion.

*Practice, Q. S.—Felonious entry and detainer—Verdict—Absence of defendant.*

The absence of defendant or his counsel from the trial court at the time when the verdict was taken is not fatal to the verdict in a case charging felonious entry and detainer.

Argued April 17, 1922.    Appeal, No. 69, April T., 1922, by defendant, from judgment of Q. S. Westmoreland County, May T., 1921, No. 194, on verdict of guilty, in the case of Commonwealth v. Maurice J. Kintz. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.    Affirmed.

Indictment for felonious entry and detainer.    Before WHITTEN, J.

The opinion of the Superior Court states the case.

Verdict of guilty upon which judgment of sentence was passed.    Defendant appealed.

*Errors assigned,* inter alia, were refusal to grant a new trial, refusal to quash indictment, and refusal to set aside the verdict.

*S. W. Bierer,* and with him *S. A. Kline, Wade T. Kline* and *G. Plumer Kline,* for appellant.—The exigency of the case did not require the presentation of a second bill of indictment to the same grand jury: Com. v. Lizzie Green, 126 Pa. 531.    To make such presentation was an abuse of discretion: Com. v. Edmiston, 30 Pa. Superior Ct. 54.

*Jno. W. McFadyen,* and with him *Curtis H. Gregg* and *Nevin A. Cort,* District Attorney, for appellee.—The recommitment of the bill to the grand jury, upon motion

of the district attorney, was entirely within the discretion of the court: Com. v. Green, 126 Pa. 531; Com. v. Bradney, 126 Pa. 199.

The presence of the defendants, when the verdict was taken, was not necessary: Com. v. Craig, 19 Pa. Superior Ct. 81; Holmes v. Com., 25 Pa. 221; Lynch v. Com., 88 Pa. 189.

OPINION BY LINN, J., July 13, 1922:

Appellant in this case, and Bridge, appellant in No. 70, April Term, 1922, with five others, were convicted of forcible entry and detainer. Sentence was suspended as to all except Kintz and Bridge, who have appealed, presenting their case in one argument.

Their paper-book, not only contains material violations of our rules, but is so misleading that instead of ascertaining from the original record, as we have done, what is properly raised for our consideration, we should perhaps have suppressed the paper-book under Rule 33. We dismiss all the assignments complaining of error in admitting evidence and in charging the jury; as printed they appear to be supported by exceptions, but an examination of the record certified to us, shows no exceptions were taken.

1. The refusal to grant a new trial is assigned for error. We may not sustain such assignment unless abuse of judicial discretion appears, and appellant has suggested none.

The evidence showed that Kent, the prosecutor, with his wife and six children, was, and had been for many years, in peaceable occupation of a farm. It seems the owner had leased the farm to another tenant, who had informed Kent that possession would be taken and that Kent had replied that he would not surrender possession. Instead of then pursuing legal remedies to determine the rights of the parties, appellant and six others entered on the farm with the new tenant's household goods. Though the evidence is disputed, the jury was justified

in finding that they entered by breaking the lock on the lane gate with a sledge, during which time, three of the defendants held the prosecutor to prevent further resistance by him; they entered the dwelling house with great force by breaking a door which was nailed shut; they ejected the prosecutor's wife and children; set his furniture out and took possession. The state constabulary arrived during the occurrence, when, as the captain testified, "I considered that a disturbance was imminent and ordered the men to stop." The evidence supports the verdict. The jury was instructed at length and no exception was taken to the charge.

2. Error is assigned to the refusal to quash the indictment. The motion to quash complained that the grand jury which had found the indictment, had previously found an indictment charging appellants with the same offenses, and, that a motion to quash that indictment having been made upon the ground that it inadequately charged the offenses, and, having come on for argument, the court permitted the district attorney to withdraw the indictment with leave to send up another, pursuant to which the grand jury found the indictment now under consideration. The action of the court in permitting the withdrawal of the indictment in the circumstances indicated, and permitting the district attorney to send up another bill, was within its discretion, and as there is no evidence of abuse of discretion, there is no cause for complaint. As no other objection to the indictment was suggested, the assignment is overruled: Rowand v. Com., 82 Pa. 405; Com. v. Bradney, 126 Pa. 199; Com. v. Green, 126 Pa. 531; Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Brown, 23 Pa. Superior Ct. 470, 496.

3. The complaint that it was error to refuse to set aside the verdict because taken in the absence of appellants or their counsel, is disposed of by what we said in Com. v. Craig, 19 Pa. Superior Ct. 81 at 98: "The record does not show that the defendants were present when the verdict was rendered; nor is it imperatively necessary in

cases of this class that it should: Holmes v. Com., .25 Pa. 221......The question sought to be raised by the assignment was ruled in Lynch v. Com., 88 Pa. 189, where it was held, quoting the language of Chief Justice AGNEW, that 'it cannot be doubted, even if arraignment be necessary as a fact in a trial for larceny, that mere voluntary absence at the rendition of the verdict, by one out on bail, who has appeared, and been tried regularly, is not a fatal error.' "

The judgment is affirmed, the record is remitted to the court below, and it is ordered that the defendant appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.