## Commonwealth v. Bender.

*John M. Myers*, District Attorney, for C. M. Beatty; *A. A. Geary*, contra.

HARVEY, P. J., May 16, 1928.—A. W. Bender was placed on trial in December Sessions, 1927, of this court under indictment of larceny by clerk, and a verdict of not guilty was returned by the jury in the case, in which verdict the costs were imposed on C. M. Beatty, the prosecutor. C. M. Beatty was at that time, and at and prior to the institution of the proceedings, County Detective for Clarion County. A motion was presented by the District Attorney of Clarion County to set aside the portion of the verdict imposing the costs on the prosecutor. Rule to show cause was granted thereon. Answer to the rule was filed by the defendant in the case opposing the granting of the motion. Arguments of counsel were heard thereon.

The power to dispose of the costs in this case (felony), by reason of the value of the goods (in this case, money) alleged to have been stolen being

less than $10, rests with the jury: Act of May 25, 1897, P. L. 89. That statute (section 1) was framed, we believe, with the intent and purpose to discourage and deter the institution of trivial, petty and vexatious matters without due consideration, possibly maliciously on the part of the prosecutor, which would occupy the time of the courts to little or no avail at the expense of the public. Nevertheless, the provisions in the act referred to are broad enough to embrace the present case, and the jury was so instructed. This is an important case. It was hotly contested. Great public interest was excited.

The trial was had on the main issue, namely, the guilt or innocence of the defendant upon the indictment as modified. The verdict "not guilty" settled that. The jury proceeded further and imposed the costs upon the prosecutor. This part of the verdict the court is asked to set aside. This the court possesses the power to do, but only for proper and sufficient reasons.

"It is well established in Pennsylvania that the courts possess the power for good and sufficient reasons to set aside that part of a verdict of acquittal which imposes the costs on the prosecutor:" Guffy v. Com., 2 Grant, 66; Com. v. Doyle, 16 Pa. Superior Ct. 171; Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Gaines, 42 Pa. Superior Ct. 550.

"In disposing of the costs in such cases, the discretion of the petit jury and of the court is in its nature judicial, and is to be guided in its operation by the general principles that govern the exercise of judicial discretion:" Com. v. Shaffer, 52 Pa. Superior Ct. 230.

The points in this phase of the case for consideration and conclusions thereupon are as follows: (1) By whom or at whose instance was the prosecution instituted? (2) Was it instituted upon probable grounds? (3) Was it instituted in good faith with a view to bring a guilty person to justice, and (or) to establish the innocence of the accused if found to be wrongfully accused? (4) Was C. M. Beatty, a public officer, only connected with the case in the performance of his official duties, or was he acting in collusion with J. B. Truby? (5) Did C. M. Beatty act maliciously and improperly? (6) Was the evidence of C. M. Beatty at the trial so at variance with what he gave at the hearings before the magistrates as to warrant the accusation of false witness or perjury?

1. The matter was brought originally to the district attorney. The district attorney directed the county detective, C. M. Beatty, to investigate it. Upon the reports of the county detective, information, authorized by the district attorney, was lodged against the defendant with a justice of the peace. A hearing was had and the defendant bound over to court for trial. A bill of indictment was presented to the grand jury. A true bill was found. A motion was made that the indictment be quashed on the grounds of duplicity. Motion granted. A new information made before a magistrate, a hearing had thereon and the defendant bound over to court. A bill of indictment was presented thereon to a grand jury and a true bill found. When the matter was brought into court a motion was made to quash the indictment for defects in the procedure before the committing magistrate. The motion was granted. A new complaint was lodged against the defendant upon the same charges. Full hearing was had thereon. Defendant was again bound over to court for trial. A bill was presented to the grand jury and an indictment found containing two counts, viz., (1) larceny by clerk, (2) larceny. We find that the prosecution was instituted at the instance of the district attorney, with C. M. Beatty, the county detective, named as prosecutor by reason of his official position.

2. The district attorney heard the testimony at three hearings before magistrates. Taken to three grand juries. The action of the grand juries after hearing testimony and the testimony at the trial leads us to believe that the district attorney and the prosecutor in good faith believed there were probable grounds upon which to institute the proceedings, and we so find.

3. We find that the prosecution was brought and pursued in good faith. The trial of the case occupied several days and was ably conducted by attorneys on both sides. It was of grave character. A bill of particulars was asked for by defendant, and, upon direction of the court, was filed. One count, the second, was withdrawn. Stress is laid by counsel for A. W. Bender, the defendant, in his argument upon the motion here under consideration, on the undue interest exhibited and the course of action on the part of the prosecutor to obtain evidence to convict the defendant, particularly as to a confession written by Bender, also as to discrepancies between testimony of the prosecutor given at the different hearings in the matter before the magistrates and at the trial in court.

4. C. M. Beatty was a public officer. He made certain accusations, under oath, against A. W. Bender, the defendant. It was his duty as a prosecutor to bring evidence, if possible, to substantiate his accusations. It must be competent, legal evidence. In his capacity as a public officer he had a right to procure the evidence in all proper ways and by all proper means. The "confession" referred to covered alleged peculations to the amount of $3000. The amount specifically at issue was the sum of $2 alleged stolen on a certain day. Upon that the trial was had and the verdict rendered. It was a criminal trial in which the prosecutor could have no pecuniary interest. The utmost that the defendant would be required to "restore," if found guilty, would be $2.

We have reviewed the testimony given at the trial on both sides very carefully. From our notes taken during the progress of the trial, from our recollection and from the briefs filed, we can find no evidence of collusion between C. M. Beatty, the prosecutor named, and J. B. Truby indicating that Beatty was to receive personally any reward or benefit from the prosecution. Acting as he was and reporting to the district attorney on the case, it would not have been possible for him to "settle" the case. He made information in the matter before the magistrates for $3000. It is the practice, it seems, for arresting officers in some cases to try to secure "confessions" from persons accused. Sometimes improper means and methods to secure confessions are pursued. Officers have been called to account for it. In this case, Beatty may have been zealous to the extreme in the way he proceeded, but we do not find from the evidence that Bender was forced or induced through fear of bodily harm to make the alleged confession.

5. Finding as we do that Beatty acted in good faith in the institution of the prosecution under direction from the district attorney's office and upon probable grounds, no malice is found.

6. Seeing and hearing Beatty as a witness on the stand, we are not impressed that he wilfully or wantonly varied his testimony on different examinations some time apart, nor that such variations were of such a character to mislead the jury.

And now, May 16, 1928, after hearing arguments of counsel and upon due and careful consideration, rule discharged. Motion granted. And it is ordered, adjudged and decreed that the portion of the verdict imposing costs on the prosecutor, C. M. Beatty, be, and hereby is, set aside; and that the County of Clarion pay all costs properly taxable in the prosecution of the case.

From Merritt H. Davis, Clarion, Pa.