## Commonwealth v. Stetler.

*John E. Malone*, for rule; *S. V. Hosterman*, District Attorney, contra.

GROFF, J., Jan. 19, 1929.—This is a petition presented to the Court of Quarter Sessions asking that so much of the costs in the above suit as was imposed by the jury on R. N. Eby be stricken off. On the petition, a rule was granted to show cause why the costs imposed should not be stricken off, and we are now to dispose of the rule.

An examination of the laws shows us that the court, notwithstanding the statute, exercises a supervisory power over costs with respect to trials by jury.

In Com. *v.* Charters, 20 Pa. Superior Ct. 599, the power to set aside a verdict of acquittal, so far as it imposes costs on the prosecutor, is limited to cases where the prosecutor is a public officer.

The petition presented in this case shows that R. M. Eby, the party on whom the costs were imposed, is a special police officer for the City of Lancaster, and was appointed by the mayor thereof, in pursuance of the Act of June 7, 1901, P. L. 508, and was duly qualified thereunder. That act of assembly provides "that any corporation chartered under the laws of this Commonwealth as a street passenger railway and owning or operating the same in said Commonwealth may apply to the mayor of any city on the

streets of which said railway is operated, . . . to commission such person or persons as said corporation may designate to act as private policemen for said corporation."

The said petitioner, therefore, being a private policeman, would not be entitled to have the costs stricken off as prayed for.

It was held, in Com. *v.* Ziegler, 17 Lanc. Law Rev. 149, that "there is no authority in the court to set aside a verdict imposing upon prosecutor costs in a prosecution for misdemeanor where prosecution is not by a public officer in performance of his duty."

The complaint brought in the above case was by petitioner as the private officer of the Conestoga Traction Company, and, therefore, under the above decision and others which we have not cited, we must discharge the rule.

Rule discharged.             From George Ross Eshleman, Lancaster, Pa.