## Commonwealth v. Baylor

John H. Diefenderfer, district attorney, for Commonwealth.
Fred B. Gernerd, for defendant.

RENO, P. J., February 14, 1933.—The grand jury ignored a misdemeanor bill and placed the costs of prosecution upon the committing alderman. The alderman was not called before the grand jury. In his petition praying that the order of the grand jury be set aside, he avers facts which prove that his official acts in relation to the prosecution were properly motivated. His averments have not been denied. The district attorney states that the alderman's good faith is beyond attack.

Our power to set aside the finding of a grand jury covering costs is established beyond question. The law confers upon us authority to supervise all jury orders

imposing costs upon prosecutors: Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Kocher, 23 Pa. Superior Ct. 65; Com. v. Shaffer, 52 Pa. Superior Ct. 230; Guffy v. Com., 2 Grant 66.

Exercising this duty, we are obliged to note that the failure of the grand jury to call the alderman before it violated a fundamental legal principle. Under our law no man may be condemned unheard. The right to "a day in court" is a precious and basic right, and it runs clear through the whole body of our jurisprudence. No court, high or low, may disregard it. Grand juries have the power to accuse defendants without hearing them, but they cannot impose penalties upon anyone without affording an opportunity to be heard. For this reason, if no other existed, we should be compelled to strike off the costs. This position is amply sustained by respectable authorities: Com. v. Madden, 1 Dist. R. 129; Com. v. Deeg, 25 Dist. R. 856; Com. v. Roll et al., 26 Dist. R. 1078, opinion by Groman, P. J.

Moreover, under the facts of the case, averred by the alderman and admitted by the district attorney, the good faith of the alderman is beyond reproach. It is the policy of the law to uphold all officers who administer the law with proper motives. The law condemns an officer when he uses his authority to oppress and harass innocent people, when he foments rather than allays disturbances, when he seeks to increase rather than reduce charges upon the public funds. When he acts in good faith he will not be punished for bad judgment. And as a matter of fact, in this case, there was no opportunity for the alderman to exercise his judgment, for the defendant removed the prosecution from the alderman's control by entering bail for his appearance in court. The alderman could not pass judgment upon the question whether the case should be returned to court. The case was returned by act of the defendant, not by act of the alderman. It follows that the alderman must be relieved of the costs.

This disposition of the case will not be construed as a disapproval of the purpose of the grand jury. There are too many trivial cases returned to court. They consume the public time and eat the substance of the county. We understand and sympathize with the commendable purpose which animated the grand jury. But that purpose can be given effect only if the law is followed. We can never serve the law by violating it.

Now, February 14, 1933, the order of the grand jury is set aside and the costs will be paid by the County of Lehigh.

From Edwin L. Kohler, Allentown, Pa.