## Commonwealth v. Torrence

*Edward J. Blatt,* for Commonwealth.

*B. R. Coppolo* and *Alvin B. Coppolo,* for defendant.

HIPPLE, P. J., September 20, 1950.—On March 16, 1950, an information was made before Harry C. Law,

a justice of the peace of Ridgway Borough, Elk County, purporting to charge defendant with the crime of abortion. The information sets forth that "on or about the 22nd day of December, 1949, in the County and State aforesaid, James M. Torrence, did feloniously and unlawfully use instruments or other means upon the body of Kathleen Harlan, then pregnant, with intent to procure *the miscarriage or abortion of a child to be born to the said Kathleen Harlan.*"

The prosecution was instituted under section 718 of The Penal Code of June 24, 1939, P. L. 872, 18 PS §4718, defining the crime as follows:

"Whoever, with intent to procure the miscarriage of any woman, unlawfully administers to her any poison, drug or substance, or unlawfully uses any instrument, or other means, with the like intent, is guilty of felony."

Defendant was arrested on March 16, 1950. On that day he executed a recognizance for a hearing before the justice on March 17, 1950. At the request of his counsel the hearing was adjourned to March 24, 1950, and a second recognizance was executed by defendant. The hearing was held before the justice on March 24, 1950, at which defendant was represented by counsel. The reading of the information was waived and three witnesses, including the woman, were called to testify for the Commonwealth. The justice directed that defendant be held for the term of court next succeeding the hearing. Defendant then executed a recognizance for his appearance at the next term of the Court of Quarter Sessions of the Peace of Elk County.

At the succeeding term of the Court of Quarter Sessions of the Peace of Elk County, convened on the second Monday of April 1950 an indictment was presented to the grand jury which found a true bill on April 10, 1950. This indictment avers that defendant "did feloniously and unlawfully use instruments or

other means upon the body of Kathleen Harlan, then pregnant, *with intent to procure a miscarriage or abortion of a child to be born to the said Kathleen Harlan.*"

On April 10, 1950, defendant demurred to the indictment for the reason that "said indictment failed to adequately set forth the commission of a crime on the part of defendant." The court overruled the demurrer and permitted the district attorney to withdraw the indictment and present a new indictment to the same grand jury. When the original indictment was withdrawn and before a new indictment was presented to the grand jury, defendant moved for his discharge because the information failed to charge him with a crime. The motion was refused.

The district attorney thereupon presented a new indictment to the grand jury upon which a true bill was found on April 12, 1950. This indictment charged that defendant "did feloniously and unlawfully use instruments or other means upon the body of Kathleen Harlan, a woman, with intent to procure the miscarriage of the said Kathleen Harlan".

When the second indictment was found a true bill and after consultation with the district attorney and counsel for defendant, the court directed a transcript to be made of the proceedings and that the matters involved be argued before the case was tried or submitted to a jury.

The more important questions are: (1) Was the original indictment sufficient to charge the procurement of a miscarriage or abortion of a woman under section 718 of The Penal Code of 1939?; (2) Did the court have authority to permit the district attorney to withdraw the original indictment and resubmit to the same grand jury a new indictment drawn in the language of section 718 of The Penal Code after a demurrer had been filed to the original indictment alleging the original indictment was substantively defective

and the new indictment would be based upon an alleged substantively defective information?, and (3) Should an indictment be quashed or a demurrer thereto be sustained notwithstanding the indictment itself sufficiently charges the crime but is based upon an information which allegedly failed to charge a commission of a crime?

We conclude that the information and the original indictment based thereon are defective in that they do not charge a crime under section 718 of The Penal Code of 1939, defining the crime of abortion.

In Mills v. Commonwealth, 13 Pa. 630-633, one error assigned was that the indictment charged defendant with intent to cause or procure the miscarriage or abortion of the woman instead of charging intent to cause and procure the miscarriage and abortion of a child. The Supreme Court stated that it was a misconception, "that no abortion can be predicated of the act of untimely birth by foul means. Miscarriage, both in law and in philology means the bringing forth the foetus before it is perfectly formed and capable of living; *and is rightfully predicated of the woman, because it refers to the act of premature delivery.* The word abortion is synonymous and equivalent to miscarriage in its primary meaning. It has a secondary meaning in which it is used to denote the offspring. But it was not used in that sense here, and ought not to have been. It is a flagrant crime in common law to attempt to procure miscarriage or abortion of the woman". (Italics supplied.)

Section 718 of The Penal Code specifically provides that "Whoever, *with intent to procure the miscarriage of any woman*", etc., is guilty of a felony. This section of the code in no place refers to a miscarriage or abortion of a child to be born to a woman. Under this section the specific intent is defined to be an intent to procure the miscarriage of the person upon whom the

instrument or other means are used. The original indictment does not charge this but the specific intent charged is an intent to procure the abortion or miscarriage of a child with whom the person upon whom the instruments or other means were used was then pregnant. Therefore, the information and the original indictment based upon it are defective in substance and do not charge the crime defined in section 718 of The Penal Code. Being a statutory offense, an indictment charging the crime of abortion must charge the same substantially in the language of the statute and since neither the information nor the original indictment charged the crime of abortion as defined in The Penal Code, the demurrer to the original indictment should have been sustained and defendant discharged.

Relying upon the case of Commonwealth v. Kintz, 79 Pa. Superior Ct. 433, the court permitted the district attorney to withdraw the original bill and submit a new bill to the grand jury which properly charges the offense in the language of The Penal Code. In the Kintz case the court below, pending a motion to quash the original indictment, permitted the district attorney to withdraw the original bill and to present a new bill to the grand jury. In passing upon this action of the court, the Superior Court stated that ". . . a motion to quash the indictment having been made upon the ground that it inadequately charged the offenses, and, having come on for argument, the court permitted the district attorney to withdraw the indictment with leave to send up another, pursuant to which the grand jury found the indictment now under consideration. The action of the court in permitting the withdrawal of the indictment in the circumstances indicated, and permitting the district attorney to send up another bill, was within its discretion, and as there is no evidence of abuse of discretion, there is no cause for complaint".

Upon examination of the paper books and record filed in the Superior Court, it appears, however, that the order of the court below permitting the district attorney to withdraw the original bill and present a new bill to the grand jury was as follows: "And now, May 12, 1921, the within motion being presented to the Court thereupon the District Attorney having asked leave to withdraw the Bill of Indictment in order to present personally a new Bill *based on the same information* to the same Grand Jury leave is granted to withdraw the Bill as prayed for, and the within Motion to quash is denied." (Italics supplied.)

The record in the Kintz case does not show that any objection was raised at any time to the sufficiency of the information or that the information was defective in substance. The distinction between the Kintz case and this case lies in the fact that the order authorizing the district attorney to present a new bill of indictment provided, in the Kintz case, that the new bill was to be based *on the same information* as the original bill, whereas in this case, the original information being defective, the court had no authority to permit the district attorney to present a new bill which necessarily would have to be based upon the same information which in effect was to authorize the district attorney to present a new bill based upon an information which was defective in substance. Therefore, there was an abuse of discretion by the court and after the original bill, whereas in this case, the original informa- discharge defendant because of the defective information, the motion should have been granted.

### Order

Now, September 20, 1950, the demurrer filed by defendant to the original indictment is sustained, and the motion to discharge defendant after the original indictment was withdrawn is granted and defendant is discharged.