## Commonwealth v. Peart

*Richard S. Lowe*, for Commonwealth.
*Robert Trucksess*, for defendant.

CORSON, J., February 7, 1956.—In the above entitled case defendant was charged with assault and battery and aggravated assault and battery. The prosecutor was Harry A. Hunsberger. The jury returned a verdict of not guilty and divided the costs equally between Hunsberger, as the prosecutor, and defendant. The verdict was returned on November 10, 1955, and sentence as to payment of the costs was deferred until November 18, and on that date continued to November 25, at which time the trial judge directed that each of the parties pay one-half of the costs of the proceeding. It turned out, however, that both Hunsberger and Peart had each paid their costs immediately after the verdict.

Nearly three weeks later the Commonwealth filed the present petition seeking· to set aside the verdict and have one-half the costs, which were placed upon Hunsberger, paid by the county. While the Commonwealth has cited ample authority (Guffy v. Commonwealth 2 Grant 65 (1853) ; Commonwealth v. Charters, 20 Pa. Superior Ct. 599 (1902) ; Commonwealth v. Cliver, 62 Montg. 134 (1946)) that it is within the power of the court to grant the prayer of a petition to set aside a verdict of the jury fixing costs, the question still remains as to whether or not, in this case, that power should be exercised.

There are two reasons why we feel that the rule should be discharged and the petition dismissed. The first reason is that the costs have been paid and the money is now in the county treasury. There is a serious doubt whether, in a proceeding of this kind, the court has the power to direct the county treasurer to pay money to an individual. The second reason is that the prompt payment of the costs by Hunsberger is rather convincing that his conscience may not have been entirely clear as to his part in what took place.

While it is true that the prosecution was brought

after consultation with the district attorney, and certainly, if the facts were as narrated, the prosecution was justified, yet the jury certainly sensed a background of ill-will, if not hatred, between the parties that convinced the jury that Hunsberger was not as blameless as his testimony would have made it appear, Hunsberger's prompt payment of the costs would seem to justify the jury's findings.

And now, February 7, 1956, for the reasons given, the petition is dismissed and the rule discharged.