## Commonwealth v. Tizio

*Edward M. Bell*, Assistant District Attorney, for Commonwealth.

*Joseph J. Nelson*, for defendant.

RODGERS, P.J., June 13, 1960.—Defendant, Philip Tizio, was arrested on January 13, 1960, on an information charging in general terms the crime of bookmaking and pool selling. He was bound over to the March 1960 grand jury at a preliminary hearing held on the day of his arrest.

The district attorney presented a bill of indictment to the March 1960 grand jury charging defendant with lottery: The Penal Code of June 24, 1939, P.L. 872, §601, 18 PS §4601. The grand jury returned a true bill, and the district attorney then made a motion to amend the indictment to conform with the information: The Penal Code of June 24, 1939, P. L. 872, §607, 18 PS §4607.

Defendant resisted this motion and moved to have the indictment quashed. The court (McKay, J.) on May 20, 1960, refused the motion to amend and quashed the indictment: Commonwealth v. Tizio, no. 113, March sessions, 1960.

On May 25, 1960, the district attorney petitioned the court for permission "to prepare a new indictment in this matter". The court on the same date granted the district attorney permission "to prepare and submit to the June Grand Jury a new indictment consistent with the information filed in this matter. . . ." The June 1960 grand jury was sworn on June 1, 1960, and returned an indictment against defendant for bookmaking and pool selling. Defendant now moves to quash this second indictment.

It is clear that a court while considering a motion to quash an indictment may permit the district attorney to withdraw the indictment and at the same time grant him leave to present another to the same grand jury: Commonwealth v. Kintz, 79 Pa. Superior Ct. 433. In this case the indictment was quashed after the close of the term to which defendant was bound by his recognizance. This action effectively released defendant from any responsibility to appear or to take any steps to defend or protect himself from any acts at any future term of court unless and until the district attorney or the court took some proper affirmative action to place his case before some specific future grand jury.

The district attorney attempted to accomplish this by petitioning the court to secure permission to submit a new bill based on the original information to "the June Grand Jury".

The record fails to disclose any service of the petition or the order of court on defendant and further fails to disclose any notice to defendant of the contents of the order or of the intent of the district attorney to submit a bill to the June 1960 grand jury.

The right to the protection of a proper presentment to and by a grand jury of the charges against defendant is one of the basic and fundamental guarantees of the common law and our Constitution. It has been held that where a bill of indictment is presented to a grand jury at the term of court at which defendant is bound by his recognizance to appear no notice of the district attorney's intention to present the indictment need be shown. Where, however, the indictment is presented at a later session the record must affirmatively show that defendant was properly notified of the district attorney's intention to present the bill. Otherwise, it would be impossible for defendant to avail himself of the right to challenge jurors because of their disquali-

fication or oppose the array because of any alleged irregularity.

The right of defendant to exercise the right of challenge to the array is a substantial right and even though it is seldom exercised, it is not to be disregarded except perhaps under circumstances justifying the filing of a district attorney's bill.

Defendant in his "motion to quash second indictment" contends that the information is defective. It is true that the information is somewhat vague and to a certain degree incoherent.

Considering the delays which have already occurred in the trial of this case and the fact that the second indictment must be quashed, we believe that justice will best be served by also quashing the original information.

*Order*

An now, June 13, 1960, the indictment and information in the above matter is quashed. The costs are to be paid by the County of Mercer.