## Templeton, Appellant, *v.* Williams.

*Justice of the peace—Illegal fees—Police officer—Witness fees—Act of July 14, 1897, P. L. 266.*

1. The Act of July 14, 1897, P. L. 266, does not make it unlawful for a police officer who has made an arrest in a criminal case and who testifies upon the trial of the case, to demand the statutory witness fee.

2. A charge of two cents for a postage stamp paid directly to a constable and used by the latter for mailing to a defendant a notice instead of subjecting him to the expense of a warrant, is not an illegal fee, such as will subject a justice of the peace to a penalty of $20.00.

3. Where a plaintiff is not entitled to judgment for his whole claim, the court cannot be convicted of error in not making an order permitting him to take judgment for part of it and to proceed with his action for the recovery of the balance, where neither in the application for the rule, nor in the rule itself, nor in any other manner, so far as the record shows, was the court asked to exercise the power conferred by the Act of July 14, 1897, P. L. 266.

Argued Dec. 11, 1908. Appeal, No. 225, Oct. T., 1908, by plaintiff, from order of C. P. Montgomery Co., Oct. T., 1908, No. 169, discharging rule for judgment for want of a sufficient affidavit of defense in case of D. F. Templeton, Jr., v. H. Calvin Williams. Before Rice, P. J., Porter, Henderson, Morrison, Orlady, Head and Beaver, JJ. Affirmed.

Rule for judgment for want of a sufficient affidavit of defense.

Swartz, P. J., filed the following opinion:

This is an action to recover penalties for the alleged taking of illegal fees by a justice of the peace.

The affidavit of defense avers that all the charges made and taken were within the fee bill of May 23, 1893, P. L. 117.

The case in which the controversy arose, was a suit to recover the penalty for running an automobile in excess of the speed allowed under the Act of April 19, 1905, P. L. 217. The proceeding was by summary conviction.

The charges which are alleged to be illegal are as follows: "Information 50 cts.," "Exam. Deft. 50 cts.," "1 witness 50 cts.," and "stamp 2 cts."

The affidavit avers that the abbreviation, "Exam. Deft.," means "writing an examination of the defendant." A justice does not incur the penalty imposed by the Act of May 26, 1897, P. L. 100, where he makes a mistake in noting in abbreviated form the charge for a particular service: Whitmore v. Craig, 32 Pa. Superior Ct. 292.

The defendant also avers that there was an information written out for which his charge is made, and that at first the information was given verbally and then reduced to writing. The affidavit also alleges that the defendant in the summary conviction proceedings offered himself for examination and that his examination was reduced to writing by the justice. The justice must be allowed to make good his assertions that these services were rendered within the provisions of the fee bill of 1893.

The plaintiff's statement alleges that the witness for whom the charge of fifty cents was made, is a policeman for the township of Abington and receives a stipulated salary. It is admitted in the affidavit of defense that the said witness is a policeman receiving a salary from the township which employs him.

Counsel for defendant contends that testifying as a witness is not an official duty of the policeman, that the taking of a witness fee is not prohibited by the Act of July 14, 1897, P. L. 266. This act provides that, "It shall not be lawful for any such policeman to charge or accept any fee or other compensation in addition to his salary, for any service rendered or performed by him of any kind or nature whatsover pertaining to his office or duties as a policeman, except public rewards and legal mileage allowed for traveling expenses."

Attending as a witness is not a service pertaining to the office of a policeman: Com. v. Lloyd, 9 Kulp, 25; to the same effect is Davis v. Schuylkill County, 12 Pa. Dist. Rep. 190. If the charge were made for serving a warrant the fee could not be allowed: Weaver v. Schuylkill County, 17 Pa. Superior Ct. 327; Walsh v. Luzerne County, 36 Pa. Superior Ct. 425. We are not aware that the question, so far as it relates to witness fees, was reviewed by the appellate courts. It is true that igno-

274    TEMPLETON, Appellant, *v.* WILLIAMS.

Opinion of Court below—Opinion of the Court. [39 Pa. Superior Ct.

rance of the law will not excuse a justice in taking illegal fees, Whitmore v. Craig, 32 Pa. Superior Ct. 292, or relieve him from the penalty under the act of 1897. If a judge of the courts makes an error in his interpretation of the law, he is not liable in damages to anyone, a justice under similar conditions must pay a penalty of $50.00.

There is this difference, however, that a justice by his ruling brings money into his own pockets, and the act of 1897, no doubt, was intended to remove the temptation to practice extortion.

This leads us to the conclusion that the act was not intended to cover any charge or fee except that which related to his office as justice. The fee must be charged for the services of the justice and not for the services of the policeman before it is an "illegal taking" by the justice. He must take the fee by virtue or color of his office. The act of 1897 makes the taking of illegal fees for any service the unlawful act. The charges of fifty cents for witness and two cents for a stamp were not charges for services rendered by the justice. The officer who gave the testimony, made out the claim for witness fees according to the affidavit of defense and the charge for the stamp was compensation to the policeman who used a stamp in writing to the offending driver of the automobile. When the justice signed his name to the itemized bill it was a declaration on his part, at most, that in his opinion the officer was entitled to witness fees and compensation for the stamp.

And now, November 9, 1908, the motion for judgment is overruled and the rule is discharged.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*Edwin S. Nyce*, for appellant.

*John Faber Miller*, with him *Samuel H. High*, for appellee.

OPINION BY RICE, P. J., April 19, 1909:

We concur with the learned judge below in his conclusion, and

for the reason given in his opinion, that the Act of July 14, 1897, P. L. 266, does not make it unlawful for a police officer who has made an arrest in a criminal case, and who testifies upon the trial of the case, to demand the statutory witness fee.

The charge of two cents, as explained in the affidavit of defense, was not for any service rendered or claimed to have been rendered by the justice, nor for any fee which he claimed was legally chargeable by him or the constable, but was made by the constable and was paid to him directly by the plaintiff to reimburse the constable for a postage stamp he had used in mailing to the plaintiff, a notice of the proceeding, instead of subjecting him to the expense of the service of a warrant. The facts set forth in the affidavit of defense repel the conclusion that it was exacted by the justice from the plaintiff colore officii. The law as to penalties for taking illegal fees is very strict, but not so absurdly strict as to make a justice of the peace liable to a penalty of $20 under the circumstances connected with this charge as explained in the affidavit of defense.

As to the other two charges there is more room for doubt as to the sufficiency of the affidavit of defense. But it is unnecessary to decide positively as to these two items prior to the trial of the case and a full development of the evidence relating to them. As the plaintiff was not entitled to judgment for his whole claim the court ought not to be convicted of error in not making an order permitting him to take judgment for part of it, and to proceed with his action for the recovery of the balance, where neither in the application for the rule, nor in the rule itself, nor in any other manner, so far as the record shows, was the court asked to exercise the power conferred by the Act of July 14, 1897, P. L. 266.

The appeal is dismissed at the costs of the appellant, without prejudice to his right to a trial by jury and a second appeal after final judgment.