## Connors's Petition.

William H. Coleman, for petitioners; A. W. Powell, for respondent.

DREW, J., June 5, 1929.—This matter is before us on petition by Peter Connors and Bert Keller, police officers of the City of Pittsburgh since Feb. 23, 1926, upon which a rule was granted upon Robert G. Woodside, Controller of Allegheny County, to show cause why all the fees mentioned in the petition should not be paid.

The petition represents that these police officers were witnesses for the Commonwealth in the case of Com. v. Nau, at No. 148, June Sessions, 1926, which case was tried before a jury and, on Dec. 13, 1928, a verdict of "not guilty" rendered, and the costs thereon became legally payable by the County of Allegheny.

The petitioner, Peter Connors, alleges that he was in attendance before the grand jury and court in connection with said case five different days and thereby became entitled to witness fees for said service as follows: Two days at $3 per day and three days at $2 per day; that he became lawfully entitled to mileage for said service for forty miles at 3 cents per mile, or $1.20; and,

in addition thereto, paid for probating the costs to which he thus became legally entitled in the sum of 50 cents, to which sum he is entitled to be reimbursed by the said County of Allegheny, making a total due and payable to him by the County of Allegheny of $13.70.

The petitioner, Bert Keller, alleges that he was in attendance in court in connection with said case on four different days and thereby became legally entitled to witness fees as follows: Two days at $3 per day and two days at $2 per day; that he became entitled for said service to mileage at 3 cents per mile for forty miles, or $1.20, and that he paid to the County of Allegheny for probating costs the sum of 50 cents and is entitled to be reimbursed for said sum, making a total amount due and payable to him by the said County of Allegheny of $11.70.

The petitioners allege that they probated said costs on Dec. 13, 1928, and thereupon made demand upon Robert G. Woodside, Controller of the County of Allegheny, for payment of the respective sums due each of the petitioners, and payment thereof was refused by the said controller on account of similar costs having been heretofore refused by a former controller and on account of an undetermined action still pending to determine such payment, and he refused, and still refuses, to pay the petitioners, or either of them, the said amounts to which each of the petitioners claims they are justly and legally entitled.

The Controller of Allegheny County, Robert G. Woodside, has agreed. in order that the question may be speedily determined by this court, to waive the issuance and service of a rule, all technicalities and immaterial matters of fact and consent to the determination of the case upon the question of law as to "whether a police officer, receiving a monthly salary from a municipality within the county, is entitled, individually and in his own right, to witness fees for attendance at courts of the county during one or more days of the said month for which salary was received from said municipality within the county, as additional compensation to said police officer."

This question fairly states the issue in this case and raises the only question for our decision.

The Act of Assembly of July 14, 1897, P. L. 266, provides: "It shall not be lawful for any such policeman to charge or accept any fee or other compensation in addition to his salary for any service rendered or performed by him of any kind or nature whatsoever pertaining to his office or duties as a policeman, except public rewards and legal mileage allowed for traveling expenses."

This part of the Act of 1897 was directly passed upon in the case of Templeton v. Williams, 39 Pa. Superior Ct. 272, in which it was decided, on April 19, 1909, that the Act of July 14, 1897, P. L. 266, does not make it unlawful for a police officer, who has made an arrest in a criminal case and who testifies upon the trial of the case, to demand the statutory witness fee. This is a flat decision on the point raised here and rules the question before us in favor of the petitioners.

The same question was decided by this court at a much earlier date, on Dec. 8, 1900, of record in Miscellaneous Docket No. 16, at page 24, and marked No. 34, December Sessions, 1900, in which, on a petition filed by Sol Coulson, then Assistant Superintendent of Police of Pittsburgh, the court ruled that, having appeared as a witness before the grand jury and upon the trial in court, he was entitled to the legal witness fees.

It would seem, therefore, to be without any doubt that a police officer is entitled to usual witness fees when he appears as a witness in a case in court. This is as it should be, because public policy requires that the arresting officer

subpœna the witnesses, produce them in court and interest himself in the preparation of the trial of the case on the side of the Commonwealth. This certainly is not a service for which he is compensated as a policeman. These men have the duties of their offices to perform; a great many of them are patrolmen working at night and compelled very frequently to be in court during the day because of cases in which they have made arrests being on trial. It is too much to expect that they should keep up the duties of their offices, spend their time in court, pay their mileage to and from court, and be denied ordinary witness fees. If their interest is to be maintained, and it is absolutely necessary that it should be, they must receive compensation for this extra labor, and that compensation which has been provided by law is the usual compensation given to all citizens who appear as witnesses in these cases.

### Order.

And now, June 5, 1929, the rule heretofore granted upon the above-mentioned petition upon Robert G. Woodside, Controller of Allegheny County, to show cause why the fees mentioned in said petition should not be paid is now made absolute. The Controller of Allegheny County is herewith ordered to pay all witness fees of police officers duly and legally probated.

From William J. Aiken, Pittsburgh, Pa.