## Commonwealth v. Hasko et al.

*Roger B. Reynolds,* assistant district attorney, for Commonwealth.

*Desmond J. McTighe* of *Fox & McTighe,* for defendants.

KNIGHT, P. J., October 19, 1942.—Joseph Pollinger and Joseph Hasko were arrested by the Norristown police while riding in an automobile. Both men were under the influence of liquor. Hasko was charged with operating a motor vehicle while under the influence of liquor, and Pollinger was charged with permitting another person to operate a motor vehicle while under the influence of intoxicating liquor. Both men were taken before Justice of the Peace Charles J. Gorman, where they were given a hearing at the same time and held under bail. Later, in this court, they both pleaded guilty to the respective charges and were sentenced. The sentence, of course, included the costs of prosecution. The justice of the peace returned a separate transcript in each case, and separate bills of indictment were drawn against each defendant. To the Commonwealth's bill of costs in each case, defendants filed exceptions.

The first exception of Pollinger complains that the justice improperly filed two separate transcripts and taxed two separate sets of costs.

We are of the opinion that this exception must be sustained. The Act of March 10, 1905, P. L. 35, sec. 1, provided:

"That from and after the passage of this act, it shall be unlawful for any person, or officer of any township, ward, borough, city or county, within this Common-

wealth, in instituting and prosecuting criminal cases, to duplicate any return, complaint, information, indictment, warrant, subpoena, or other writ against any person or persons charged with the commission of any criminal offense or offenses, committed at one and the same time or growing out of one and the same transaction, and when one return, one complaint, one information, one warrant, one subpoena or one other writ can be legally made to serve and promote the due administration of justice."

In these cases the offenses were committed at one and the same time and grew out of one and the same transaction, namely, the unlawful operation of a motor vehicle. One return, one complaint, one warrant, one hearing were sufficient to serve and promote the due administration of justice: See Barry v. McPherson, 24 Dist. R. 118 (1914); Lewis v. Commonwealth, 3 D. & C. 549 (1922).

Since Hasko has paid the costs assessed against him by the justice of the peace, it follows that Pollinger should not also be required to pay these costs.

The first exception of Pollinger is sustained, and the bill of costs of the justice filed in his case, amounting to $8.70, is stricken off.

Defendants were arrested by Officers Bradley and Delaney of the police force of the Borough of Norristown, and both defendants except to the allowance of witness fees to these officers because they are salaried officers of the borough and therefore not entitled to witness fees.

There is no merit in these exceptions. It has always been held that municipal police officers are entitled to witness fees in criminal cases: Templeton v. Williams, 39 Pa. Superior Ct. 272 (1909); Connors' Petition, 13 D. & C. 139 (1929); Davis v. Schuylkill County, 12 Dist. R. 190 (1902).

Both defendants also except to the allowance of a witness fee to Officer Delaney on the ground that he

was not a necessary witness and was not called by the Commonwealth.

There is no merit in these exceptions. Defendants pleaded guilty, and it is true that only Officer Bradley was called as a witness. Some discretion must be given to the district attorney in the matter of calling witnesses. It is his duty to present the case for the Commonwealth, whether it be a plea of guilty or a trial, and, if in his judgment a witness should be summoned, his action in calling him into court will not be set aside in the absence of plain proof of an abuse of discretion, and no such proof is here present. It does not follow because Delaney did not testify that he must be considered an unnecessary and superfluous witness. Delaney was summoned by the district attorney; he was in court and is entitled to his fee.

And now, October 19, 1942, the first exception of Pollinger is sustained, and the costs of the justice of the peace assessed against him, amounting to $8.70, are stricken off. All other exceptions in both cases are dismissed.