# Commonwealth *v.* Doyle.

*Criminal law—Costs—Imposing costs on prosecutor.*

Where a jury has imposed costs upon a prosecutor, and several terms go by without the court imposing sentence, and it appears that the prosecutor named had reason to believe that a rule to show cause why the verdict directing the prosecutor to pay the costs should not be stricken off had been asked for by the district attorney when the verdict was rendered, the prosecutor cannot be charged with laches in delaying for several terms in presenting his petition to be relieved from the payment of costs; and the court is in error in refusing such petition on the sole ground that the petition had been presented after several terms of court had passed by. The prosecutor has a constitutional right to a hearing, but after the hearing, the court below has discretionary power over the subject, and its decision is not reviewable in the Superior Court.

Where a prosecution is not trifling, but one of grave character, where it is not unfounded but founded upon probable cause, and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs.

Argued Dec. 4, 1900. Appeal, No. 222, Oct. T., 1900, by P. F. Devine, from order of Q. S. Schuylkill Co., Nov. T., 1899, No. 1230, refusing to strike off verdict imposing costs on prosecutor in case of Commonwealth v. Patrick W. Doyle. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Petition for a rule to show cause why a verdict imposing costs upon prosecutor should not be set aside.

From the record it appeared that on May 10, 1900, a verdict was rendered in the case of Commonwealth v. Patrick W. Doyle by which the defendant was acquitted and P. F. Devine was

named as prosecutor, and directed to pay all the costs. On October 15, 1900, P. F. Devine presented a petition to the court in which he averred, inter alia, as follows:

That your petitioner was advised by the district attorney that he had taken a rule to strike off the verdict directing your petitioner to pay the costs in the above cases; but that your petitioner is now advised by counsel there is nothing on record to show that such a rule was taken, or a decision of the court on such rule.

That your petitioner is now threatened with sentence that means jail for him, as the costs are in excess of $300, and a sentence of your petitioner would be in violation of the letter and the spirit of the act of 1875, section 6, page 41, which provides for information of the constable and district attorney; and that all other subsequent acts of your petitioner, sitting at the commonwealth's table and aiding the district attorney, was to post him as to what the several witnesses would prove.

Therefore, your petitioner prays the court to make such an order on the record as to show that a rule was asked for to strike off the verdict directing your petitioner to pay the costs, or to grant a rule as of this date so that the rights of your petitioner may be protected in the premises.

The court made the following order:

And now, to wit: October 15, 1900, the term of court at which the verdict referred to in within petition having been rendered some terms of court ago, we feel compelled to refuse the rule prayed for as set forth in within petition.

Other facts appear by the opinion of the Superior Court.

*Errors assigned* were in not striking off so much of the verdict as directed P. F. Devine to pay the costs.

*William Wilhelm*, with him *James Flannigan*, for appellant.

*M. P. McLoughlin*, for appellee, filed no paper-book.

OPINION BY ORLADY, J., January 22, 1901:

P. F. Devine, a justice of the peace, in Cumbola, gave to the constable of Blythe township, Schuylkill county, a notice in writing as follows: "Thomas Martin, Constable, Sir: I hereby notify

you, according to an act of assembly made and provided, that Patrick W. Doyle of Cumbola is violating the liquor law in all its provisions by selling on Sunday, selling to minors, selling on election day, and doing a general retail business without a license; " to which he added the names of twenty-seven witnesses who could, as he claimed, fully prove the charges. This notice was attached to the constable's return to the court, and was submitted to the district attorney, who framed four indictments thereon in which Patrick W. Doyle was charged with selling liquor without a license, on Sunday, to minors, and on election day. On these indictments the name of the constable was indorsed as the prosecutor, and also the names of twenty persons as witnesses. Only four of these names were in the list given by Devine to the constable. Eight witnesses, including the constable, are marked on the indictment as having been sworn before the grand jury. True bills were found in all the cases, and on May 10, 1900, all were tried before the same jury. In each case the defendant was acquitted and P. F. Devine was named as prosecutor and directed to pay all the costs. On October 15, 1900, P. F. Devine presented his petition to the court, in which all the facts were recited, and prayed for a rule to set aside the verdict directing him to pay the costs; this the court refused to grant for the reason that several terms of court had intervened since the verdict had been rendered. The procedure act of 1860 provides that, " Whenever the jury shall determine that the prosecutor or the defendant shall pay the costs, the court in which the determination shall be made shall forthwith pass sentence to that effect." If, as averred in the petition, Devine had reason to believe that a rule to show cause had been moved for, by the district attorney, when the verdict was rendered, he was not guilty of laches, and the delay in imposing sentence from May to the time the petition was presented was doubtless due to some good reason known to the district attorney and the court.

Devine did not avow himself, nor was he named, as prosecutor. The township constable ratified the notice by consenting to be named on the indictment as a prosecutor, and was sworn before the grand jury. The petitioner had at least a right to a hearing before his liability for these costs could be determined, and to refuse this would be a denial of the constitutional right. After a hearing by the court there is no question of that

tribunal's power to set aside these verdicts so far as they apply to P. F. Devine, if it concludes that he acted upon well founded grounds of belief in notifying the constable of an offense which ought to have been investigated, and he is entitled to the presumption that he did so act.    The Act of March 31, 1856, P. L. 200, was intended to prevent neglect of duty by constables, but was not intended to expose the party giving the notice to the risks of a prosecutor unless there was evidence to warrant a special finding of the jury that he was legally liable as such.

The act of assembly makes it the duty of the constable, after receiving the notice, "to make return thereof on oath or affirmation to the court," and when there lodged it is sufficient ground to authorize the court to issue process for the offender and to direct the district attorney to submit a bill to the grand jury: McCullough v. Commonwealth, 67 Pa. 30.    The act of 1860 (criminal procedure) is not intended to nullify the provisions of the act of 1856, if the notice be given in good faith, but is directed against the class of persons described in the preamble of the earlier act of December 8, 1804, 7 Bioren, 403, as "restless and turbulent people who harass the peaceable part of the community with trifling, unfounded and malicious prosecutions at the expense of the public."    Where the prosecution is not trifling, but one of grave character; where it is not unfounded, but founded upon probable cause . . . . and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs: Guffy v. Commonwealth, 2 Grant's Cases, 66; Wadlinger on Costs, secs. 192, 193, and cases there cited.

After a hearing the court below has discretionary power over the subject, and its decision is not reviewable here.    The judgment is reversed solely on account of the reason given by the court below in refusing to grant a rule to show cause, which is now directed to issue and a hearing to be had therein.