## Commonwealth *v.* Kocher.

*Criminal law—Costs—Imposition of costs—Jury—Discretion.*

In disposing of the costs in a criminal prosecution, the discretion of the grand jury, of the petit jury, and of the court, is in its nature judicial, and is to be guided in its operation by the general principles that govern the exercise of judicial discretion. It may be reviewed only so far as to determine whether its exercise is judicial or arbitrary; and it is only an abuse of this discretion that is subject to correction.

In imposing costs in a criminal prosecution the jury may look beyond the name of an officer indorsed on the indictment, and impose the costs upon the actual prosecutor. Thus, where a person avows himself the prosecutor, employs an officer who secures the evidence and makes the information, and where such person also retains a private counsel to assist in the prosecution, he may be named by the jury as the prosecutor, and in a proper case the costs may be imposed upon him.

A failure to convict, from want of evidence, does not take from the jury the control of the costs in cases within the discretion given them by statute.

It is the better practice when there appears ground for raising a question as to liability for costs on the part of either prosecutor or defendant, to request a direction by the court, instead of seeking relief after verdict or for the court to direct without request.

Where a prosecutor has given to the district attorney fully and fairly the knowledge in his possession respecting a case, he should not have the

costs imposed upon him by reason of a failure to convict because a large amount of the evidence was excluded through a technical defect in an indictment; but if the prosecutor employs private counsel who participates with the district attorney in the conduct of the case, and makes suggestions as to the form of indictment, the prosecutor cannot complain of the costs being imposed upon him by reason of failure to convict through a defect in the indictment.

Submitted March 10, 1903. Appeal, No. 8, Oct. T., 1903, by Charles Shuman, from judgment of Q. S. Northampton Co., Sept. T., 1902, No. 51, imposing costs on prosecutor, in case of Commonwealth v. Thomas A. Kocher. Before BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for keeping a disorderly house. Before SCOTT, J.

At the trial the jury returned a verdict of not guilty, and imposed one tenth of the costs on the defendant, and nine tenths of the costs on Charles Shuman as prosecutor. On a rule to show cause why Shuman should not be relieved from payment of the costs, SCOTT, J., filed an opinion in which he said :

I instructed the jury that if the defendant was acquitted, costs should not be put upon the prosecutor unless they found he was inspired by personal reasons. I did not withdraw it from consideration and was not asked to do so because there was evidence to support such a contention. The prosecutor avowed himself when called as a witness, but not before. He paid $50.00 for the services of a detective who made the complaint and whose name was indorsed upon the indictment in his stead. He did not live in the country neighborhood where the defendant was charged with keeping a disorderly house but in a town four miles away and therefore had no grievance of his own against it. His wife held a mortgage of $4,000 on a rival hotel, one fourth of a mile distant. That mortgage is now recently due and unpaid, and there is some interest in arrear. Conviction of the defendant required forfeiture of the license, and his retirement from a business which, under the methods by which it was conducted, threatened the value of the neighboring house, by alluring through forbidden temptations of public favor. Persons had communicated to the prosecutor the

commission of unlawful acts, but he had no personal knowledge of the facts, and if they had it no detective would have been wanted.    They did not request him to have complaints made. The jury were therefore required to say that he was actuated solely by his regard for the morals and good order of the general public in the community where he did not live, nor own property, for whom he was willing to spend $50.00 to secure evidence, and employ counsel besides, when those who might actually be disturbed if disorder existed did not stir into activity. Credat Judæus Apella.    Non ego.

· The court discharged the rule.


*Error assigned* was the order of the court.


*W. E. Doster* and *G. W. Geiser*, for appellant.—Where the prosecution is not " trifling," but one of grave character; where it is not " unfounded," but founded upon probable cause existing at the time it was commenced, but afterwards fails by the death of material witnesses, and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for costs: Guffy v. Commonwealth, 2 Grant, 66; Commonwealth v. Bain, 2 Lanc. L. Rev. 376; 1 Pa. C. C. Rep. 25; Commonwealth v. Mundis, 2 Chest. Co. R. 381; Commonwealth v. Farrell, 2 Chest. Co. R. 381; Connolly v. Lackawanna Co., 1 Pa. C. C. Rep. 26; Commonwealth v. Weaver, 2 Pa. C. C. Rep. 455; Com. v. Doyle, 16 Pa. Superior Ct. 171.

The reports are full of cases where, in a plain case of abuse of discretion, such abuse is assignable for error, and that the court will reverse in case of absence of discretion: DeGrote v. DeGrote, 175 Pa. 50; McNeile v. Cridland, 6 Pa. Superior Ct. 428; Com. v. Craig, 19 Pa. Superior Ct. 81; Ulysses Elgin Butter Co. v. Hartford Fire Ins. Co., 20 Pa. Superior Ct. 384.


*Pennell C. Evans* and *Thomas D. Danner*, for appellee.


OPINION BY SMITH, J., May 22, 1903:
Upon a criminal prosecution, at common law, the prosecutor incurred no direct liability for costs; the sovereign, in whose

name the prosecution was conducted, paid no costs; while the defendant, whether convicted or acquitted, was required to pay the costs of prosecution as well as his own, with no remedy upon acquittal but an action against the prosecutor for malicious prosecution. Such was the law of Pennsylvania until after the Declaration of Independence. Subsequent legislation, beginning with the act of September 23, 1791, has materially modified it, so that in all cases of misdemeanor and in certain cases of felony, the grand jury, on ignoring the bill, and the petit jury, on acquittal, may direct the prosecutor, the defendant, or the county, to pay the costs. The control of the costs, given to the grand and petit juries, is a discretionary power, subject to supervision by the court. Under the constitutional provision, beginning with the constitution of 1776, that "trial by jury shall be as heretofore," the common-law supervisory power of the court cannot be limited by legislation: Guffy v. Com., 2 Grant, 66. In disposing of the costs, the discretion of the grand jury, of the petit jury, and of the court, is in its nature judicial, and is to be guided in its operation by the general principles that govern the exercise of judicial discretion. It may be reviewed only so far as to determine whether its exercise is judicial or arbitrary; and it is only an abuse of this discretion that is subject to correction.

The supervisory power of the court on this subject was considered by the Supreme Court in Guffy v. Com., supra. In that case, the court directed a verdict of not guilty, and the jury, being instructed to dispose of the question of costs, placed them on the prosecutor. A rule to show cause why the verdict as to costs should not be set aside on the ground that there was nothing in the testimony to show that the prosecutor behaved improperly, was made absolute, and this was affirmed by the Supreme Court. Mr. Justice LEWIS, who delivered the opinion of the court, in discussing the grounds on which the imposition of costs on a prosecutor might properly be set aside, suggested, as sufficient, (1) naming as prosecutor one who was not such, who had no notice of the proceeding, and against whom there was no evidence; (2) naming, without evidence, the justice who issued the warrant, the constable who served it, or the district attorney who prosecuted; (3) the death, before trial, of material witnesses for the commmonwealth. Referring to the

reasons there given, he said : " When the prosecution is not trifling, but one of a grave character; when it is not unfounded, but founded upon probable cause existing at the time it was commenced, but afterward fails by the death of material witnesses, and where there is no evidence of malice in the prosecution, it is the duty of the court to set aside the verdict against the prosecutor for the costs. In short, this is the duty of the court in all cases where there is nothing in the testimony to show that the prosecutor behaved improperly. The court had a discretionary power over the subject, and it is clear that matters within the discretion of the court are not the subjects of review here." Two members of that court dissented.

The question of relief from a verdict naming a person as prosecutor and imposing the costs on him, through the exercise of the discretionary power of the court, has been considered by this court, in Com. v. Doyle, 16 Pa. Superior Ct. 171. In that case, one Devine had given notice to a constable, pursuant to the act of March 31, 1856, that the defendant was violating the liquor laws, whereupon the constable made a return, on which indictments were found, with his name indorsed as prosecutor. Upon trial, the defendant was acquitted and the costs placed on Devine as prosecutor. The court below refused to grant a rule to set aside the verdict as to costs, on the ground of delay in applying for it. This court held that the petition alleged an adequate excuse for the delay, and, in an opinion by our Brother ORLADY, referring to Guffy v. Com. as to the merits of the application and the power of the court, said : " The petitioner had at least a right to a hearing before his liability for these costs could be determined, and to refuse this would be a denial of the constitutional right. After a hearing by the court, there is no question of that tribunal's power to set aside these verdicts so far as they apply to Devine, if it concludes that he acted upon well-founded grounds of belief in notifying the constable of an offense which ought to have been investigated, and he is entitled to the presumption that he did so act. The statute was intended to prevent neglect of duty by constables, but was not intended to expose the party giving the notice to the risks of a prosecutor unless there was evidence to warrant a special finding of the jury that he was legally liable as such."

In Com. v. Charters, 20 Pa. Superior Ct. 599, upon a prosecu-

tion for a violation of the oleomargarine act of 1899, commenced by an agent of the dairy and food commissioner, the bill was ignored and the costs placed on the prosecutor. A petition by the latter for resubmission of the indictment to the grand jury, with instructions by the court as to their duty in the premises, and a petition by the dairy and food commissioner to set aside the return as to costs, were refused. This court, while affirming, in an opinion by the learned president, the view taken in Com. v. Doyle, as to the supervisory power of the court, held that the refusal to resubmit the indictment to the grand jury was neither an abuse of discretion or reviewable here; and that as to the costs, the discretion of the court could be appealed to only by the person on whom they were imposed, except, possibly, by the district attorney.

In relieving a defendant from costs imposed on acquittal, the same principles, substantially, have been observed. In Linn v. Com., 96 Pa. 285, no indictable offense was charged; the court overruled a motion to quash; and the jury acquitted the defendant, by direction of the court, but placed the costs on him, the court having added that they would be warranted in so doing. The Supreme Court pronounced the language of the trial judge, in submitting the question of costs to the jury, "intemperate and unfair," and reversed the judgment, on the ground that "when an offense is neither charged nor proved, the jury have nothing to do with the costs, nor have they any duties to perform whatever." In Com. v. Tilghman, 4 S. & R. 127, Baldwin v. Com., 26 Pa. 171, and Wright v. Com., 77 Pa. 470, it was held that though the indictment was defective, the costs, on acquittal, were properly placed on the defendant. These cases, however, are clearly distinguishable from Linn v. Com., since the defendants, instead of demurring or moving to quash, elected to incur the needless expense of a trial. It was also held, in Baldwin v. Com., that the costs might properly be placed on the defendant when acquitted on the plea of the statute of limitations. In the last two cases cited, the application for relief was by motion in arrest of judgment, and in Com. v. Tilghman it was treated as such, though originating in a rule to set aside the verdict as to costs.

The principles which should direct the exercise of judicial discretion leave no ground for question as to the proper dispo-

sition of the case in hand.   The information was made by a special officer, whose name was indorsed on the indictment as prosecutor.   The right of the jury, however, to look beyond this indorsement for the actual prosecutor, cannot be questioned.   Here the appellant, as we gather from his paper-book, avowed himself the prosecutor, employed the officer who secured the evidence and made the information, and also retained private counsel to assist in the prosecution.   This fully warranted the jury in naming him as the prosecutor.   The evidence introduced on the trial is not printed; hence the ground on which the jury may have acted in placing the costs on the appellant is not before us, and we are without means to determine whether their action was based on judicial consideration or was due to an arbitrary disregard of the evidence.   Presumptively, every exercise of discretion by a legal tribunal is judicial, and the burden of showing it to be otherwise rests upon him who would impeach it.   A failure to convict, from want of evidence, does not take from the jury the control of the costs, in cases within the discretion given them by statute: Linn v. Com., supra.   The trial judge was not asked to withdraw the question of costs from the jury, but instructed them that in case of acquittal they should not place the costs on the prosecutor " unless they found that he was inspired by personal reasons ; " adding, in the opinion discharging the rule, that " there was evidence to support such a contention," some particulars of which he recites.   It is undoubtedly the better practice, when there appears ground for raising a question as to liability for costs, on the part of either prosecutor or defendant, to request a direction by the court instead of seeking relief after verdict, or for the court to direct without request.   From the record presented in the case before us, we cannot say that there was an abuse of discretion by the jury.

A point relating to the discretion of the trial judge remains to be considered.   It appears that the indictment was so framed that, through mistake or oversight, the offense was charged with a limitation as to time that made a large part of the evidence collected by the appellant inadmissible or ineffective ; and it is urged that the consequences of this should not be thrown on the appellant.   This is certainly a legitimate ground for an appeal to the discretion of the court.   In framing an in-

dictment, the district attorney proceeds upon his own judgment; and not only has the prosecutor no control over the structure of the indictment, but his lack of professional knowledge leaves him incapable of an opinion respecting it. He can do no more than state the facts, with the evidence at hand to establish them, and it is for the district attorney to prepare the indictment upon his own view of their probative effect, of the rules of pleading, and of the relation between the allegata and the probata. When a prosecutor has given, fully and fairly, the knowledge in his possession respecting the case, he has done all in his power, and there is no just ground for holding him answerable for carelessness or error of judgment on the part of the district attorney. In the conduct of the prosecution, the officers of the law are in no sense agents of the prosecutor. Their duties are cast upon them by law, and he has no choice but to commit the case to them, while their course is absolutely beyond his control. He is not even regarded as a party, the prosecution being conducted in the name of the commonwealth. If there is any responsibility over for the error of a public officer, it rests with the people who have placed him in office, and the consequences of his error may equitably be charged upon them. But when a prosecutor, instead of leaving the professional conduct of the case to the district attorney, employs private counsel, who represents him in fact if not in form, he must be held to assume the legal relation of a client to such counsel, with the legal responsibility of a client for the course adopted by his attorney. This was the course pursued by the appellant in the case before us. He employed counsel, who examined the evidence, prepared the information, communicated the substance of the evidence to the district attorney, conferred with him in relation to the indictment, and aided in the trial. Whether he examined the indictment before it was laid before the grand jury seems to be a matter in controversy between himself and the district attorney. But it was his duty to do so, and to make any suggestion as to its form or substance which he deemed material. It appears that he had ample opportunity for this, and in fact made some suggestions. As he testified on the hearing of the rule, " Mr. Davis (the district attorney), and I appeared to have a perfect understanding as to how these cases should be prepared and prosecuted." So

far as appears, he acted with a free hand in the management of the prosecution. When, at an early stage of the trial, the difficulty of introducing a great part of the evidence at hand became apparent, he nevertheless proceeded with the case, and thus contributed to increase the costs. As the report of the trial is not before us, we cannot determine how far his course in this respect was justified by the existing conditions. But the paper-books contain nothing that tends to show error in the order discharging the rule. On the contrary, enough appears to fully warrant the conclusion that there was no abuse of discretion by the court below in refusing to set aside the verdict against the appellant for costs. We can only review the exercise of discretion by the court below, and the record shows no ground for impeaching it.

Judgment affirmed.