# Commonwealth *v.* Chartiers Railway, Appellant.

*Criminal law—Costs—Instruction of court.*

The appellate court will not reverse a judgment in a criminal case because the court instructed the jury that they might impose the costs either upon the defendant or the county, where it appears that no request for different instructions was made, and no exception was taken to the charge.

The refusal of the court to set aside a verdict against the defendant for costs, where the indictment charges an indictable offense, is not ground for reversal unless there be plain abuse of discretion.

.Argued April 17, 1905.    Appeal, 'No. 147, April T., 1905, by defendant, from judgment of Q. S. Washington Co., Nov. T., 1903, No. 35, on verdict for plaintiff in case of Commonwealth v. Chartiers Railway Company.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for maintaining a nuisance at a grade crossing. Before McILVAINE, P. J.

*Errors assigned* were as follows:

1. The court erred in that portion of its charge is as follows: "Your verdict should be 'not guilty,' and as it is a misdemeanor, you should determine how the costs should be paid. You can put them on the defendant or on the county."

2. The court erred in entering the following decree:

"And now, August 22, 1904, the jury in the above case having returned a verdict that the defendant is not guilty and that the defendant, the Chartiers Railway Company, pay the costs, it is now, after notice to the defendant's counsel, and

174 COMMONWEALTH *v.* CHARTIERS RY., Appellant.

Statement of Facts—Opinion of the Court. [28 Pa. Superior Ct.

on motion of the district attorney, ordered, adjudged and decreed that the said Chartiers Railway Company pay the costs of prosecution of said indictment or give security to sheriff to pay the same in ten days."

*A. M. Todd*, of *Todd & Wiley*, for appellant.—Where a defendant is brought into court and subjected to indictment upon a charge for misdemeanor which, upon investigation, is shown to be utterly unfounded, he cannot be subjected, though innocent, to a penalty and compelled to pay the costs of such unjust and unfounded prosecution: Com. v. Gabby, 5 Pa. Dist. Rep. 159; Com v. Weaver, 2 Pa. C. C. Rep. 455; Com. v. Tilghman, 4 S. & R. 127.

*Owen C. Underwood*, district attorney, for appellee, cited: Baldwin v. Com., 26 Pa. 171.

PER CURIAM, May 17, 1905:

The first assignment of error relates to that part of the judge's charge in which, having directed the jury to render a verdict of not guilty, he instructed them that they should determine how the costs should be paid, and that they might put them on the defendant or on the county. To this assignment the district attorney raises the objection that no request for different instructions was made, and that no exception was taken to the charge, and therefore it is not before us for review. This objection is well taken. The subject of the second assignment of error is the judgment. But as it was in exact conformity with the verdict and as the indictment charged an indictable offense, and as the verdict was one which the statute gave the jury authority to render, this assignment must be overruled.

There are cases in which it has been held that the statutes authorizing the jury, in cases of acquittal, to determine by their verdict whether the prosecutor, the county, or the defendant shall pay the costs, do not take away the common-law supervisory power of the courts which belongs to trial by jury; hence the court has power to set aside that part of a verdict of acquittal which imposes the costs upon the prosecutor: Guffy v. Commonwealth, 2 Grant, 66; Com. v. Doyle, 16

Pa. Superior Ct. 171; Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Kocher, 23 Pa. Superior Ct. 65. Even if it be conceded that the same power exists, and that the exercise of it is governed by the same general principles, where the defendant is acquitted and the costs are imposed upon him, the court ought not to exercise it, especially where no request for instruction to the jury upon that point has been made, except in a very clear case; nor will the refusal of the court to set aside a verdict against the defendant for costs, where the indictment charges an indictable offense, be ground for reversal unless there be plain abuse of discretion. See Com. v. Kocher, 23 Pa. Superior Ct. 65. We are not convinced that the refusal to set aside the verdict imposing the costs upon the defendant would have been an abuse of discretion, even if an application had been made to the court for the exercise of this supervisory power. But we need not discuss that question, for surely the court cannot be convicted of error in not setting aside that part of the verdict where no such application was made. The record being regular in every respect the judgment must be affirmed.

Judgment affirmed.