# Commonwealth *v.* McNabb et al.
# Appeal of Frank J. Clark.

*Criminal procedure—Costs—Prosecutor—Verdicts—Rule to set aside—Discretion of court—Indecent vaudeville exhibition.*

In the trial of indictments charging defendants with participating in an indecent vaudeville exhibition, the jury acquitted the defendants and placed the costs on a justice of the peace who instigated the prosecutions. There was evidence that the justice of the peace acted in bad faith from improper motives and for gain of revenue.

Under such circumstances the trial court did not abuse its discretion in refusing to remit the costs.

In imposing the costs in a criminal prosecution the jury may look beyond the name of the prosecutor endorsed in the indictment and impose the costs upon the actual prosecutor.

On a rule to show cause why the costs should not be remitted the court had a discretion over the subject, and its decision can only be reversed upon the ground that it involved a manifest abuse of discretion.

Argued October 5, 1927. Appeals Nos. 315, 316, 317, 318, 319, 320 and 321, October T., 1927, from decree of Q. S. Montgomery County, February T., 1927, Nos. 27, 28, 29, 30, 31, 32 and 33, by Frank J. Clark, in the case of Commonwealth of Pennsylvania v. Howard McNabb, Mary DeRose, Peggy. LaCombe, Mary O'Brien, Betty Windersheime, Jean Burns and Grace Sawyers. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Indictment for producing an immoral show. Before KNIGHT, J.

The facts are stated in the opinion of the Superior Court.

Verdict of not guilty and costs imposed on Frank J. Clark.

Petition by Frank J. Clark for rule to set aside verdict imposing costs on him. Rule discharged. Frank J. Clark appealed.

*Error assigned,* inter alia, was the order of the Court.

*John L. Prince,* and with him *Dennis A. O'Niel,* for appellant.

*J. William Ditmer,* and with him *William F. Dannehower, Jr.,* for appellee.

OPINION BY PORTER, P. J., November 21, 1927:

The defendants above named were, respectively, charged in seven separate indictments with the offense of participating "in a vaudeville exhibition of a lascivious, obscene, indecent and immoral nature and character." The several cases involved only the same exhibition and by the consent of the parties were all tried together. The trial resulted in verdicts of not guilty and that the prosecutor, Frank J. Clark, pay the costs, in each of the cases. Frank J. Clark presented his petition in each of the cases, praying the court to set aside so much of the verdicts as imposed costs on him, whereupon the court granted a rule upon the district attorney, the county commissioners, the controller and all seven of the defendants above named, to show cause why so much of the verdicts as placed costs upon said Frank J. Clark, should not be set aside. An answer having been filed to the said petition, the depositions of Clark, the appellant, and such witnesses as he saw fit to produce, and also depositions on behalf of the respondents in the rule, were all submitted to the learned judge of the court below, who, after consideration thereof, discharged the rule and sentenced the appellant to pay the costs in the several cases. Clark appeals from this action of the court and assigns it for error in the seven appeals here presented, all of which may be disposed of by one order.

This appellant was given a full opportunity to be

heard, in the proceedings under his rule to show cause and after such hearing the court had a discretionary power over the subject, and its decision can only be reversed upon the ground that it involved a manifest abuse of discretion: Com. v. Doyle, 16 Pa. Superior Ct. 171; Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Kocher, 23 Pa. Superior Ct. 65. It appeared that the name of the prosecutor indorsed on the indictments in these cases was Charles W. Shearer, a constable of West Norriton Township, Montgomery County. The appellant was a justice of the peace for the 4th ward of the Borough of Norristown. Between 6 and 7 o'clock on the evening of October 29, 1926, the appellant told Shearer, the constable, that he had been informed that an immoral show was to be held that night, at the Santa Maria Country Club, at Spring Mill, near Conshohocken, Montgomery County, and asked the constable if he would sign an information on which a warrant could issue, which Shearer agreed to do and did sign an information, upon which the justice issued a John Doe warrant. The appellant did not at that time know who were to be the performers in said exhibition nor by whom the enterprise was being promoted, and the exhibition had not at that time commenced. He did know that the constable knew nothing about the proposed exhibition, except what he, the appellant, then told him. Notwithstanding all this the appellant prepared an information, which he had the constable swear to, charging that "John Doe solicited and procured a large gathering of people to be at said club for the purpose of witnessing an immoral show, participated in by women and girls from Philadelphia, Pa., said women and girls then and there being scantily attired, and dancing suggestive dances. Deponent charges defendants with putting on an immoral show, contrary to law." Upon this information, charging an offense which the appellant knew had not then been committed, he issued a

John Doe warrant and delivered it to Shearer and shortly thereafter the appellant asked Lykens, a Sergeant of Pennsylvania State Constabulary, to assist Constable Shearer "to raid the place." Shearer, with the John Doe warrant, accompanied by Lykens, visited the country club after 10 o'clock that same evening and after witnessing a part of the performance, Lykens blew his whistle and informed not only the defendants in these several indictments, who were alleged to be the performers, but all the members of the audience that they were under arrest. The names of the members of the audience and their addresses were then taken and they were notified to appear for a hearing before this appellant on the evening of November 1, 1926. The performers in the exhibition, the defendants above named, were taken to and lodged in the Montgomery County prison. The next day, October 30th, Shearer made informations formally charging each one of the above named defendants with participating in the production of an immoral exhibition and each of the defendants was admitted to bail for a hearing before the appellant on the evening of November 1st. Over one hundred members of the audience, who had been notified that they were under arrest, appeared for a hearing on the evening of November 1st, as did, also, the seven defendants above named, and the latter were, after a hearing, held to answer the charge at the Court of Quarter Sessions. The evidence does not disclose that any formal charge was made against the more than one hundred individuals who composed the audience, and an attorney who represented eighty-two of that number testified that this appellant informed him that the only warrant against these defendants was the John Doe warrant, which had been issued before the exhibition commenced, upon the information charging the putting on of an immoral show. The appellant although he had a full opportunity did not allege any other charge had

been made against any one of the members of the audience, numbering more than one hundred.

The proceedings at the hearing of the members of the audience before the appellant were most unusual. The learned judge of the court below states in his opinion that: "Several of these spectators testified at the trial that they were given the choice of a voluntary payment of $8.50 or entering bail for court. There is nothing in the record before us to show that the spectators were disorderly." The testimony was such as to warrant the conclusion arrived at by the learned judge of the court below, that: "If he (appellant) had confined his activities to these defendants his motives might never have been questioned, but when he collected $8.50 from each one of over one hundred spectators, the raid was given the appearance of an enterprise for revenue." It is well settled that in imposing the costs in a criminal prosecution the jury may look beyond the name of the prosecutor indorsed on the indictment, and impose the costs upon the actual prosecutor. We find no warrant for holding that the learned judge of the court below was guilty of an abuse of discretion in refusing to set aside so much of the verdicts as imposed costs on this appellant and sentencing the appellant to pay the costs.

The judgments are affirmed.