## Commonwealth v. Hambridge

*Frank X. Renninger*, for Commonwealth; *J. Ernest Nachod*, for defendant.

CORSON, J., January 29, 1932.—Defendant in the above case was charged upon various bills of indictment with assault and battery, larceny and operating a motor vehicle without the consent of the owner. At the trial there was not the slightest evidence of any assault and battery, and the case was sent to the jury only upon the question of costs. There was no evidence of larceny, and the jury was directed to render a verdict of not guilty; and, it being admitted that the value of the truck mentioned in the bill of indictment was over $10, the costs were placed upon the county. As to the other misdemeanors submitted to the jury, the defendant was properly found not guilty upon each bill, and the jury, in its verdict, directed that the costs of these bills should be paid by the prosecutor, Frank Cairo.

The Act of March 31, 1860, P. L. 427, Sec. 62, provides that:

"In all cases of acquittals by the petit jury on indictment for the offences aforesaid [misdemeanors], the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant, shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions. . . ."

A failure to convict from the want of evidence will not take from the jury the control of costs in cases within the discretion given them by the above statute: Com. *v.* Kocher, 23 Pa. Superior Ct. 65.

Petitioner contends that he brought the criminal action upon advice of counsel. That may be true as to the inception of the proceedings, but petitioner and his present counsel admit that he was advised by other counsel retained after the proceedings had been started that the prosecution was not a matter for the criminal courts and that the case should be settled and withdrawn. The petitioner apparently refused to accept this advice and insisted upon having the case tried before a jury. He has had his day in court, and it does not seem that the county should have to pay the costs of such proceedings.

The petitioner admits, or at least does not deny, that this prosecution was brought without sufficient foundation, and apparently his sole contention in support of his motion is that he is without funds to pay these costs. That fact should, of course, have been considered by the petitioner when he was advised to discontinue the proceedings. It may be that he may be allowed a reasonable time to pay these costs, but, after full consideration of the proceedings, we feel that the petition must be refused.

And now, January 29, 1932, the prayer of the petitioner for an order absolving him from responsibility to pay the costs of prosecution is refused, and the petitioner is directed to appear before the court for sentence on February 5, 1932, at 10 A. M.                    From Aaron S. Swartz, Jr., Norristown, Pa.