## Commonwealth v. Eshleman

*Harold G. Ripple,* for petitioner.

Schaeffer, J., May 19, 1933.—The defendant was prosecuted by Abram Haines, a constable of Rapho Township, Lancaster County, for violation of the liquor law. The jury found the defendant not guilty and imposed the costs on the prosecutor, Abram Haines, naming him in their verdict. The court is now asked to remit or strike off the costs on the grounds that the prosecutor was a public officer, that the prosecution was of a grave character and founded on probable cause, and that no malice was shown on the part of the prosecutor.

According to the testimony of the constable, he purchased from the defendant, at the defendant's private residence, situated in Manheim Township, Lancaster County, opposite Long's Park, a bottle of wine for 50 cents, and pursuant to a search warrant found at a later date in defendant's home some wine, home brew, and a quart bottle of new whiskey partly filled, all of which, according to the testimony of the chemist, showed an illegal alcoholic content. It appeared that Albert Atkins, of Lancaster City, a brother-in-law of the constable, had some misunderstanding with the defendant with regard to a small unpaid bill due by defendant to Atkins, which transpired prior to the purchase of the wine and the issuance of the search warrant referred to. The defendant denied the sale and testified that he gave the wine gratuitously to the constable, that he made beer and wine on his private premises for his own use, and that he had the whiskey in his possession and was using it for medical purposes under advice of his physician. He also testified that he had never been in legal trouble prior to this charge, and produced a number of character witnesses.

In the charge to the jury the court said: "I want to call your attention, however, to the fact that the prosecutor is a constable, or officer of the law, and if you find from the evidence that he had reasonable cause and acted in good faith in making this complaint and obtaining the search warrant and making the search, then I say to you that you should not under those circumstances, if you so find, put any of the costs on the prosecutor. That is a matter for you to determine from all the evidence."

A public officer, acting within the scope of his authority and duties, should be protected and relieved from costs imposed on him by a jury's finding or verdict. However, the prosecution should not be trifling but of a grave character, and should be founded on probable cause and should be free from malice. Furthermore, the prosecutor should act in good faith and on reasonable grounds: Commonwealth v. Moore, 33 Lanc. L. R. 414; Commonwealth v. McNabb et al., 91 Pa. Superior Ct. 582.

The jury by their verdict evidently. determined that there was no probable cause for the prosecution and that the prosecutor acted from personal motives. To justify setting aside the finding of the jury there must be something to controvert the finding. The fact that the prosecutor is a constable is not sufficient in itself to warrant setting aside the imposition of costs upon him: Commonwealth v. Birch, 33 Lanc. L. R. 388; Commonwealth v. Murphy and Killinger, 28 Dist. R. 653.

Under the facts of this case, and the law governing the same, the court does not feel justified in disturbing the finding of the jury in imposing the costs on Abram Haines, constable, and prosecutor in this case. Accordingly, the rule to show cause why so much of the finding of the petit jury which places the costs on Abram Haines, the prosecutor, should not be stricken off is discharged.

From George Ross Eshleman, Lancaster, Pa.