Opinion by
 

 Baldrige, J.,
 

 This is an appeal from the order of the lower court dismissing exceptions to certain costs taxed in a commonwealth case.
 

 The facts, which were not in dispute, may be stated as follows:
 

 O. M. Ross, a member of the Pennsylvania state police force, now the Pennsylvania motor police force (Act approved June 29, 1937, P. L. 2436, 71 PS §65 (was the prosecutor in a case charging Glen Worth Fisher with operating a motor vehicle while under the influence of intoxicating liquor. Before the case was tried, Ross was transferred from Monroe County to Chester County. The district attorney caused a subpoena to be served by a constable upon Ross and R. B. Wilt, another state policeman, at Coatesville, as witnesses. At the trial, defendant was found not guilty, but was directed to pay the costs of prosecution, and sentence was accordingly imposed. Exceptions were taken to the witness fees of these officers and to the costs of the constable, amounting to $19, for service of the subpoena on the prosecutor and Wilt, and mileage. The exceptions were dismissed by the clerk of the court of quarter sessions. Upon appeal to the lower court, it held that these costs were not taxable.
 

 We will consider, first, the officers’ witness fees'. They are agents and employees of the state and are paid by the state treasurer for their services. The general policy of the state is that no officer of the law shall be allowed to collect two fees for the same public service. In
 
 Walsh v. Luzerne County,
 
 36 Pa. Superior Ct. 425, it was held that state policemen are not entitled to col
 
 *119
 
 lect witness fees for testifying in a criminal case. In
 
 Templeton v. Williams,
 
 39 Pa. Superior Ct. 272, decided the year after the Walsh case, the Act of July 14, 1897, P. L. 266 (53 PS §322) providing that all municipalities or corporations, employing policemen, shall pay them a fixed salary, and it shall not be lawful for them to charge or accept any fee or other compensation for any service performed by them pertaining to their duties as policemen, was under consideration. This court held that that statute did not prohibit a municipal police officer, who had made an arrest and testified upon the trial of the case, from demanding the statutory witness' fee, as attending court as a witness was not a service for which he was paid.
 

 That case may be readily distinguished from the one at bar, as a municipality is not a party to a criminal prosecution; nor is a municipal officer an agent or employee of the commonwealth. Here, the commonwealth and defendant were the actual parties to the criminal prosecution. The prosecuting of criminals and attending their trials are part of the duties of these state officers. The Act of May 2, 1905, P. L. 361, creating a department of state police, was not passed as a revenue measure, and neither it nor the amendments thereto provide for the collection of witness fees by members of the state police. If it had been the intent of the legislature that an officer was' entitled to compensation in addition to his salary for services performed within his line of duty, it, undoubtedly, would have so provided. It is stated in an opinion of Attorney General John C. Bell, in 1913 (see 61 Pitts. L. J. 592), that a special agent of the dairy and food bureau, whose salary was paid by the state, could not recover witness fees for himself or for the commonwealth in a criminal proceeding in which the agent was both the prosecutor and a witness. See, also Sadler — Criminal Procedure in Pennsylvania (2d ed.), vol. 2, §764.
 

 
 *120
 
 We concur with the learned court below that the witness fees of these officers are not legally a part of the costs in a criminal prosecution, and the defendant, therefore, was not obligated to pay them.
 

 That brings us to the question whether the fees and mileage of the constable were proper items of taxation.
 

 The court, in sustaining the exceptions thereto, held that it was a duty of the officers of the commonwealth to be present without being served with a subpoena, and to prosecute alleged offenders against the law of the land, and, therefore, it was unnecessary to serve a subpoena to insure the appearance of a prosecutor, or of a witness if he is a state policeman, at the trial of the case.
 

 We find no authority that a private prosecutor in a criminal case must be present at the trial. By the Act of March 31, 1860, P. L. 427, §27 (19 PS §262), the prosecutor’s name, if any there be, must be endorsed on the indictment. If, in fact, there is no private prosecutor, that is unnecessary, and the indictment will not be quashed for that reason:
 
 Com. v.
 
 Samson, 76 Pa. Superior Ct. 226. The prosecutor named in the indictment may not be the real prosecutor. A jury, in imposing costs, may look beyond the endorsement and determine who is the actual prosecutor and place the costs on him:
 
 Com. v. Kocher,
 
 23 Pa. Superior Ct. 65;
 
 Com. v. McNabb,
 
 91 Pa. Superior Ct. 582. The nominal prosecutor may know nothing about the circumstances of the crime, and, in that event, his attendance at the trial is not required. The mere naming of a person who is prosecuting in a criminal ease does not necessarily mean that he must attend the trial; but, if his presence is essential, the only safe way is to subpoena him. The district attorney, in the exercise of his official discretion, has the right to use obligatory process to insure attendance at the trial of any person, including state policemen; otherwise, a trial may have to be continued
 
 *121
 
 at great expense and inconvenience, or a miscarriage of justice may result.
 

 The accused has no constitutional right to meet the prosecutor face to face. Article I, §9, of the Pennsylvania Constitution provides: “In all criminal prosecutions the accused has a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor.” This does not require a prosecutor to be present at the trial unless he is a witness, and, if he is [a witness], he should be subpoenaed like any other witness. Bishop, in his Work on New Criminal Procedure (2d ed.), Chap. XLY, §691ff, states: “He [the private prosecutor] is not a party; and, in these cases as in others, the costs and expenses, whether on one side or the other, are a mere creature of statute, recoverable only when and to the extent prescribed.” See also,
 
 Reg. v.
 
 Gurney, 11 Coxe’s Criminal Cases 414, 422.
 

 The first chapter of 1 Chitty’s Criminal Law (3d Am. Ed.), entitled “Of The Prosecutor,” deals at length with the duties, rights, and privileges of private prosecutors in criminal cases at English common law. While the question before us was not there definitely answered, the author stated (p. 2) : “And though the original prosecutor die, the proceedings will not be defeated even in the case of a libel or assault, or other injury of a private nature; because they are professedly instituted not for the satisfaction of wrongs to individuals, but for the furtherance of public justice, and to punish the violation of the public peace.” See also
 
 Com. v. Cuddy et al., 72
 
 Pitts. L. J. 937. A private prosecutor may be held, as any other witness, by a magistrate and bound over to prosecute and give evidence: Chitty, supra, pp. 4, 89. See also Sharswood’s Blackstone’s Commentaries (ed. 1867) 4th Book, p. 296. That power
 
 *122
 
 continues to be vested in a magistrate in this commonwealth.
 

 We are of the opinion that the costs incurred by the constable were properly taxable.
 

 The order of the learned court below sustaining the exception to taxation of the officers’ fees is affirmed; that part of the order disallowing the constable fees for service of subpoena on these officers and mileage is reversed; costs to be paid by the county.