## Commonwealth v. Davis et al.

*S. L. Hagy,* assistant district attorney, for Commonwealth.

*Guy G. deFuria,* for prosecutor.

ERVIN, J., June 29, 1945.—Defendants were acquitted in the above case and the jury named Officer Frank Carr as the real prosecutor and placed the costs of prosecution upon him. Sentence for costs was deferred until the prosecutor's attorney could present an application for the removal of the costs and a brief supporting the same. We are advised in the brief that the Chester Police Association joins in the request to have those costs removed.

Where costs are imposed upon a police officer, the court has a supervisory power to set aside, pro tanto, that part of a verdict of acquittal imposing the costs: Commonwealth v. Charters, 20 Pa. Superior Ct. 599; Commonwealth v. McNabb et al., 91 Pa. Superior Ct. 582.

Many reasons have been advanced by the courts for their reluctance to permit imposition of costs on public officers to stand, such as interference with performance

of a necessary duty, protection of officials easily subjected to criticism, adverse effect upon strict law enforcement, destroying the zeal of public officers, etc.: Commonwealth v. DeGainie, 18 Schuyl. 221; Commonwealth v. Norris et al., 14 Dist. R. 58; Commonwealth v. Shaffer, 52 Pa. Superior Ct. 230; Commonwealth v. Steiner, 29 Dist. R. 414; Commonwealth v. Lyons, 2 Lanc. Bar No. 28; Commonwealth v. Grim, 1 Pa. C. C. 40; Commonwealth v. Logaman, 21 York 91.

The general policy of the law is to protect officers in the discharge of their duties: Commonwealth v. Logaman, 21 York 91.

In this particular case defendant had stopped his car in a one-way street and it is altogether possible that the stopping of the car may have interfered with the flow of traffic at that point. Officer Carr was very likely prompted by a proper motive in endeavoring to have defendant move his car in order to free the flow of traffic. However, when he attempted to bring about this result he may have failed to use the proper tact. An encounter ensued. Our failure to remove the costs imposed upon the officer may be misunderstood by other police officers in or outside of the City of Chester and it may deter them from the performance of their duties. For this reason we are loath to permit the costs to remain on the officer. We want to make it clear, however, that our action in removing the costs is not to be understood as placing a stamp of approval upon illegal arrests by police officers.

We are advised that the police officers who have received witness fees and costs in this case have repaid the amount received, to wit, $77.40, to the County of Delaware through the probation office. This being so we make the following

*Order*

And now, to wit, June 29, 1945, it is ordered, adjudged, and decreed:

1. That all costs except defendants' costs be and the same are hereby removed from Frank Carr.

2. Frank Carr will appear in court room no. 3 on Wednesday, July 11, 1945, at 11 a.m., so that sentence for the balance of costs not removed may be imposed.