Commonwealth v. Eckel

2

*Frank P. Lawley, Jr.*, for Commonwealth.

*Patrick Fierro*, for defendant.

WILLIAMS, P. J. (specially presiding), October 16, 1956.—Defendant, Lock Haven justice of the peace, was convicted by jury of perjury, 14 counts of extortion, four counts of misdemeanor in office and two counts of unlawful collection agency practices.

He has moved for new trial giving the following reasons for such:

1. That the verdict is against the evidence and the law.

2. That the court failed to charge the jury that good faith is imputed to the judicial acts of a magistrate.

3. That the court erred in not instructing the jury that perjury must be proven by two witnesses or by one witness and corroborating circumstances.

4. That defendant's constitutional rights were violated by failing to call the person who signed the information.

5. That the court erred in allowing the admission of notes of testimony transcribed by a witness over the objection of defendant.

6. That the court erred in various rulings on the testimony and on the law.

The verdict was not against the evidence and the law. The Commonwealth showed by ample testimony that defendant in cases instituted in his own court took fees from the claimants, and at the same time collected costs from defendants, that he did the same in criminal prosecutions. There was also ample testimony that he committed perjury.

Defendant complains that the court failed to charge the jury that good faith is imputed to his acts as a

magistrate. The matter of good faith was not made an issue by defendant. He denied that he charged costs and received money for collecting bills in the cases before him as magistrate. His testimony indicated that he knew it was wrong to so charge. Besides the court's charge followed the language of the statute and the common law in describing the crime of extortion and misdemeanor in office. The crime of extortion was explained. In the definition of misdemeanor in office the jury was charged that for the public official to be guilty, he would have had to perform his duty fraudulently and corruptly. Defendant made no request for further charge. When no points for charge are submitted, or requests for elaboration made, it is not reversible error even though the court failed to charge as to good faith: Commonwealth v. Gallagher, 165 Pa. Superior Ct. 553.

As to the perjury action, the defendant complains that the court erred in not instructing the jury that perjury must be proven by two witnesses, or by one witness and corroborating circumstances. The perjury action was based on testimony that defendant had given in an action which he had instituted against certain officers of the law and other individuals. The perjury conviction was based on his testimony at that hearing. He was accused of and convicted of giving false testimony at that hearing.

The testimony alleged to be false was that defendant testified that he never collected commissions from plaintiffs in actions brought before him as a justice of the peace, and in which actions he at the same time collected costs from defendants.

In proving its case of perjury the Commonwealth introduced testimony to show that witnesses had an agreement with defendant to pay him money to collect bills, that payments were made to defendants because of such agreements. The Commonwealth proceeded fur-

ther and produced testimony to show that costs were paid to defendant by defendants in the same cases for which he collected commissions from the creditors. It was also shown through the stenographer who took notes of testimony in the case in which defendant is accused of perjuring himself that he, defendant, declared that he did not take a commission from a plaintiff-creditor, and at the same time collect costs from a defendant.

One witness and corroborative evidence to the falsity of the matter on which the perjury is assigned is sufficient to convict on a charge of perjury: Williams v. Commonwealth, 91 Pa. 493. It is not necessary where the proof is by two witnesses that each corroborate the other: Commonwealth v. Schindler, 170 Pa. Superior Ct. 337. In the instant case Commonwealth used a number of witnesses to prove the falsehood. Defendant, in parts of his testimony, corroborated parts of the Commonwealth's testimony. In addition, defendant did not demur to the evidence, did not ask for binding instructions nor did he ask a charge on this point. It is not error to fail to charge on this point unless properly requested: Weiler v. United States, 323 U. S. 606. We see no merit in defendant's argument on this point.

In the trial of the cases against defendant, the State policeman who signed the informations as prosecutor, although present at all stages of the hearing, was not called as a witness. Defendant complains that he has been deprived of his constitutional rights.

The prosecutor brought the actions on "information received". Article I, sec. 9, of the Pennsylvania Constitution provides that a defendant has a right "to meet the witnesses face to face".

Judge Baldrige in Commonwealth v. Fisher, 131 Pa. Superior Ct. 117, ruled: "The accused has no constitutional right to meet the prosecutor face to face. Article

I, §9, of the Pennsylvania Constitution provides: 'In all criminal prosecutions the accused has a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face, to have compulsory process for obtaining witnesses in his favor.' This does not require a prosecutor to be present at the trial unless he is a witness, and, if he is [a witness], he should be subpoenaed like any other witness."

Defendant suffered the loss of no right by reason of the fact that the prosecutor was not called as a witness. The prosecutor was present at the trial and could have been called by defendant. The failure to call prosecutor is no ground for new trial.

At the trial Mrs. Florence Grein testified that she had taken testimony at the hearing in which defendant was the prosecutor. Certain portions of the testimony of defendant were read to her and she testified that such portions were the words of defendant and that he had so testified under oath. This testimony was introduced to support the perjury charge.

Mrs. Grein was also examined as to the correctness of the testimony she took and as a result the Commonwealth offered her transcript into testimony and, without objection from defense counsel, it was admitted.

Mrs. Grein, although not the official reporter for Clinton County, was the official court reporter for Susquehanna County at the time of the trial.

It has been held in some of the cases that the notes of an unofficial stenographer, or a transcript thereof, are competent evidence and may be read to the jury to prove the former testimony of a witness, if the stenographer testifies that they correctly and accurately reported the former testimony: Wharton's Criminal Evidence, 12th Edition, §490. At any rate, Mrs. Grein testified herself in the same way as her notes read. In addition, defendant testified on the witness stand

in the trial of the instant case in the same way he testified before the justice of the peace, which latter testimony was the basis of the perjury charge. We are of the opinion that the notes of testimony were properly admitted.

Defendant has filed other reasons for a new trial, none of which, in our opinion, are meritorious. Robert D. O'Connor was allowed to testify in rebuttal. Defendant, Mr. Eckel, in cross-examination by the Commonwealth, testified that he was not advised by Mr. O'Connor that he was doing wrong in a certain hearing in which Mr. Eckel was the justice of the peace. Mr. O'Connor was used as a witness to rebut the testimony of Mr. Eckel. His testimony was proper rebuttal testimony. Defendant's attorney then brought out that Mr. O'Connor did not like Mr. Eckel, and Mr. O'Connor was then allowed to testify as to the reason for his dislike.

". . . a witness who has been cross-examined as to the existence of ill feeling toward the accused may be asked on redirect examination as to the cause of the feeling, without going into details, in order to explain away the bias . . .": Wharton's Criminal Evidence, 12th Edition, §897.

Defendant complains that Mr. O'Connor was allowed to testify too extensively as to why he was biased. The scope of the redirect examination is within the discretion of the court, and in the instant case defense counsel attempted to show a dislike of Mr. Eckel by Mr. O'Connor, and further that Mr. O'Connor had no proper basis for this dislike.

We are of the opinion that the redirect examination was not too extensive.

As to the court's charge on the extortion indictment that the jury might find defendant guilty on two counts in each indictment, we feel that this was proper.

Defendant complains about the court's additional charge. The jury asked the court to explain the placing of costs in a civil case. The court explained that in a civil case the costs go with the judgment, and then told the jury that "this doesn't have anything to do with this case". The court then explained to the jury that defendant was being charged with taking money from both sides of the case. There was nothing in the additional charge which would in any way give the jury the impression that defendant had no right to collect the costs from defendants. The charge was proper.

We are of the opinion that all other exceptions are without merit.

### Order

And now, October 16, 1956, the motion for new trial is refused. Defendant is ordered and directed to appear in Courtroom no. 1, Clinton County, at Lock Haven, at 11 a.m., on Friday, October 19, 1956, for sentence.