Dunn Appeal.

Argued April 13, 1959. Before Rhodes, P. J., Hirt, Gunther, Wright, Woodside, Ervin, and Watkins, JJ.

*John R. Boland, Jr.,* for appellant.

*William J. Joyce,* County Solicitor, with him *John Q. Stranahan,* District Attorney, for appellee.

Opinion by Wright, J., December 17, 1959:

This proceeding had its inception when a police officer of the City of Sharon, following a raid, filed informations against officers of a fraternal organization in that municipality charging them with setting up a lottery and possessing gambling devices. On June 4, 1958, the Mercer County grand jury ignored the resulting bills of indictment and placed the costs on Michael J. Dunn, Mayor of the City of Sharon, as the real prosecutor. Dunn had ordered the raid, but his name was not endorsed on the indictments as the prosecutor, and he was not called as a witness before the grand jury. Dunn presented a timely petition for a rule on the District Attorney of Mercer County to show cause why the costs imposed upon him by the grand jury

should not be set aside. To the rule granted on this petition the district attorney filed an answer. The County of Mercer was permitted to intervene and also filed an answer. At the time fixed for hearing on the rule, Dunn took the position that the imposition upon him of costs by the grand jury was irregular as a matter of law, and elected not to present any testimony. The court below thereafter discharged the rule.[1] Dunn has appealed.

The question before us, apparently one of first appellate impression in this Commonwealth, is whether a grand jury, upon ignoring a bill of indictment, may lawfully impose the costs upon a person neither endorsed on the bill as the prosecutor nor called as a witness. Our answer to this question is in the negative.

Section 62 of the Act of March 31, 1860, P. L. 427, 19 P.S. 1222, which deals with the power of grand and petit juries over costs, reads as follows: "In all prosecutions, cases of felony excepted, if the bill of indictment shall be returned ignoramus, the grand jury returning the same shall decide and certify on such bill whether the county or the prosecutor shall pay the costs of prosecution; and in all cases of acquittals by the petit jury on indictments for the offenses aforesaid, the jury trying the same shall determine, by their verdict, whether the county, or the prosecutor, or the defendant shall pay the costs, or whether the same shall be apportioned between the prosecutor and the defendant, and in what proportions; and the jury, grand or petit, so determining, in case they direct the prosecutor to pay the costs or any portion thereof, shall name him in their return or verdict; and whenever the jury shall

---

[1] Because of unnecessary duplication of indictments, the court reduced the costs from $498.20 to $78.50. See Section 65 of the Act of March 31, 1860, P. L. 427, as amended, 19 P.S. 1291.

determine as aforesaid, that the prosecutor or defendant shall pay the costs, the court in which the said determination shall be made shall forthwith pass sentence to that effect, and order him to be committed to the jail of the county until the costs are paid, unless he give security to pay the same within ten days".

It is well settled that the court of quarter sessions has inherent discretionary power over the imposition of costs: *Commonwealth v. Kocher,* 23 Pa. Superior Ct. 65; *Commonwealth v. Shaffer,* 52 Pa. Superior Ct. 230. However, our research has disclosed no case which sustains the imposition of costs by the grand jury upon a person who was neither endorsed on the bill as the prosecutor nor called as a witness. The contention of appellees, adopted by the court below, is that appellant was given an opportunity to be heard under his rule to show cause, and that he presented no evidence to show that the return of the grand jury was improper.[2] The opinions in *Commonwealth v. Doyle,* 16 Pa. Superior Ct. 171, and *Commonwealth v. McNabb,* 91 Pa. Superior Ct. 582, upon which reliance is placed, are not controlling in the instant situation.

By our law no man is to be condemned unheard. We adhere to the view that the grand jury is without power to impose the costs of prosecution upon a person who is neither named on the bill of indictment as the prosecutor, nor called as a witness. In our opinion, the imposition by the grand jury of costs upon a person who did not initiate the prosecution, and who was not heard, is a violation of the constitutional requirement of due process. This unconstitutional imposition of costs may not be made constitutional by according

---

[2] Although our decision is not based thereon, we here note the presumption that appellant, being a public officer, was actuated by a public motive. See *Glesenkamp v. Pittsburgh,* 320 Pa. 219, 181 A. 763; *Wilson v. New Castle,* 301 Pa. 358, 152 A. 102.

to the person named by the grand jury a subsequent opportunity to assume the burden of proving that the imposition was unwarranted.

Lower court cases are in accord with the view herein expressed. "The Court constantly instructs the grand jury that they have no right to impose costs on a defendant, because neither he nor his witnesses appear before them. If it is proposed by the grand jury to place the costs on someone, who is not marked as the prosecutor, and who has not appeared before them, it would become necessary that he should be notified to appear, so as to give him the opportunity of being heard in his own behalf, before he could be condemned to pay the costs": *Commonwealth v. Madden,* 1 District Reports 129. "To impose the costs on the real prosecutor, the party who appeared to have been the real prosecutor should have been brought before the grand jury as a witness by subpoena if necessary": *Commonwealth v. Roll,* 26 District Reports 1078. "Before a grand jury is permitted to impose costs upon a person who is not the prosecutor of record, the said person must have testified as a witness before the grand jury. As the hearing in a particular case progresses, if it should appear that another than the nominal prosecutor is the real prosecutor, the grand jury may then forthwith have summoned the apparent real prosecutor before it, and take his testimony; and after all the summoned witnesses are heard, the grand jury must then dispose of the costs in accordance with the facts and the law and, if necessary, may determine whether the prosecutor shall pay the costs and, who the real prosecutor is": *Commonwealth v. Himler,* 19 West. 25.

Text writers are also in accord with this view. "In imposing costs the grand jury is not limited to the person marked on the bill of indictment as the prosecutor, but may find who is the actual prosecutor. But an imposition of costs on a third party who has not appeared,

or who has not been asked to appear, will be set aside": Sadler's Criminal Procedure in Pennsylvania, 2nd Edition, Section 698, page 830. "A verdict imposing costs on a person as prosecutor will be set aside . . . where the grand jury place costs on a person not marked on an indictment as prosecutor, and who has not appeared before them": 20 C.J.S., Costs, Section 439, page 684. And see Byrne's Pennsylvania Criminal Procedure, Section 14, page 81.

The order of the court below is reversed, and the rule to set aside the imposition of costs is made absolute.

DISSENTING OPINION BY RHODES, P. J.:

The appellant in this proceeding has not been deprived of due process of law merely because he was not the named prosecutor and did not testify before the grand jury; and he has not been burdened with a greater obligation of demonstrating his good faith in the prosecution than if he had appeared before the grand jury, as the majority suggests. Heretofore this Court has noted that costs may be imposed by a petit jury upon persons not named in the indictment and not called as witnesses because such persons are afforded the opportunity to be heard on the rule to show cause. Both the grand jury and the petit jury derive such power to impose costs from the same statute. Act of March 31, 1860, P. L. 427, 19 PS §1222. I see no distinction between this case and those we have decided under similar circumstances except for the jury body involved. I therefore dissent.

It has long been a recognized principle that a court of quarter sessions has inherent discretionary power over imposition of costs. *Com. v. Kocher*, 23 Pa. Superior Ct. 65, 68; *Com. v. Shaffer*, 52 Pa. Superior Ct. 230, 232; *Com. v. McNabb*, 91 Pa. Superior Ct. 582, 584. The principles governing the imposition of costs

upon the prosecutor apply to both grand and petit juries. "The control of the costs, given to the grand and petit juries, is a discretionary power, subject to supervision by the court." *Com. v. Kocher,* supra, 23 Pa. Superior Ct. 65, 68.

"A jury, in imposing costs, may look beyond the endorsement and determine who is the actual prosecutor and place the costs on him: Com. v. Kocher, 23 Pa. Superior Ct. 65; Com. v. McNabb, 91 Pa. Superior Ct. 582." *Com. v. Fisher,* 131 Pa. Superior Ct. 117, 120, 198 A. 925, 927.

Where the person named as prosecutor is given a full opportunity to be heard under a rule issued by the court, and the court exercises its discretionary power in reviewing the imposition of costs by the jury, the constitutional requirement of due process is complied with and costs may be imposed on the petitioner as the real prosecutor although he has not been named on the indictment or called as a witness. *Com. v. Doyle,* 16 Pa. Superior Ct. 171; *Com. v. McNabb,* supra, 91 Pa. Superior Ct. 582. In the *Doyle* case, Judge ORLADY stated (pages 173, 174 of 16 Pa. Superior Ct.) : "The petitioner had at least a right to a hearing before his liability for these costs could be determined, and to refuse this would be a denial of the constitutional right. . . . After a hearing the court below has discretionary power over the subject, and its decision is not reviewable here [except for abuse of discretion]." In *Com. v. McNabb,* supra, 91 Pa. Superior Ct. 582, 583, 584, President Judge PORTER said: "This appellant was given a full opportunity to be heard, in the proceedings under his rule to show cause and after such hearing the court had a discretionary power over the subject, and its decision can only be reversed upon the ground that it involved a manifest abuse of discretion: Com. v. Doyle, 16 Pa. Superior Ct. 171; Com. v. Charters, 20 Pa. Superior Ct. 599; Com. v. Kocher, 23 Pa. Supe-

rior Ct. 65." The authorities relied upon by appellant, including *Com. v. Madden,* 1 Dist. 129, *Com. v. Roll,* 26 Dist. 1078, for the proposition that costs may not be placed by the grand jury on a prosecutor not named on the back of the indictment unless he is given an opportunity to testify are not controlling, where, as here, this constitutional right was fully afforded appellant. Appellant, although given an opportunity to present testimony showing good faith in instituting the prosecution as a public official, refused and elected to stand on the legal proposition that costs could not be imposed by the grand jury unless he as prosecutor was called as a witness. The hearing on the rule afforded compliance with due process, and the court properly exercised its discretionary power in refusing under the circumstances to set aside the grand jury's imposition of costs.

The court recognized the policy of the law against imposing costs on public officers "where the prosecution was not unfounded, where there was probable cause for instituting it, and the official has acted in good faith, . . ." *Com. v. Shaffer,* supra, 52 Pa. Superior Ct. 230, 236. However, Judge McKay pointed out in the opinion for the court that, in the absence of any evidence presented on the rule, it was not clear that appellant acted "solely from public motives in ordering the raids," and that appellant had "not seen fit to so testify, but asks us to act merely on the presumption that all public officers act from public motives." The court thereupon concluded that it would not disturb the grand jury's action as to costs against appellant since that body apparently acted with full information upon evidence before it, and that its return with respect to costs was prima facie valid. Consequently, appellant was favored with no conclusive presumption.

I have given consideration also as to whether the proceeding on the rule to show cause placed an addi-

tional or unwarranted burden of proof upon appellant, and have concluded that it did not. At the hearing on the rule the appellant was subject to no greater burden with respect to producing evidence or testimony on the good faith of the prosecution than he would have had in testifying before the grand jury. As a practical matter, if appellant had testified before the grand jury and the costs had been imposed upon him, it would appear that he would not ordinarily have had as full an opportunity to demonstrate the foundation for the prosecution, the probable cause for instituting it, and his good faith in so acting as would be afforded him at a hearing on the rule. However, I do not intend that any additional burden be imposed upon a public official on the rule to show cause; I feel only that on the rule he is here afforded the same opportunity to be heard as he would have had in testifying before the grand jury.

The court gave appellant an unlimited opportunity for a hearing, and carefully weighed the factors before it on the rule to show cause. My review of the court's order discharging the rule discloses no abuse of discretion or error of law committed by the court.

The order of the court below should be affirmed.

HIRT and GUNTHER, JJ., join in this dissenting opinion.